

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| 1.  GERARD MORRISON | ) |
| | ) |
| 2.  CHRISTOPHER THOMPSON | ) |
| | ) |
| 3.  ELTON POLEN, JR. | ) |
| | ) |
| 4.  CALVIN ALEXANDER | ) |
| | ) |
| 5.  MICHAEL ALLEN | ) |
| | ) |
| 6.  ROCCO ALVARO | ) |
| | ) |
| 7.  THOMAS ARNOLD | ) |
| | ) |
| 8.  WILLIAM ATWELL | ) |
| | ) |
| 9.  ROBERT BANASIK | ) |
| | ) |
| 10. TIMOTHY BARB | ) |
| | ) |
| 11. TODD BARB | ) |
| | ) |
| 12. MATHEW BARNHART | ) |
| | ) |
| 13. MERVIN BARRERA | ) |
| | ) |
| 14. OSCAR BEASLEY | ) |
| | ) |
| 15. WILLIAM BEST, JR. | ) |
| | ) |
| 16. BILL BETZ | ) |
| | ) |
| 17. DANIEL BORDEN, JR. | ) |
| | ) |
| 18. EDWARD BOWMAN | ) |
| | ) |
| 19. FRED BRANDELL | ) |
| | ) |
| 20. DONALD BRASFIELD | ) |
| | ) |

CIVIL ACTION COMPLAINT

Complaint No. _1:14CV5_

**Jury Trial Demand**   _CMH/JFA_

21. CHRISTOPHER BROWN )
)
22. JON BRULEY )
)
23. CLYDE BUCHANAN )
)
24. CARLTON BURKHAMMER )
)
25. ROBERT BURLINGAME )
)
26. MATTHEW BURNS )
)
27. LEO BURT )
)
28. LEROY BUTLER, JR. )
)
29. KEITH CERZULLO )
)
30. JOHN CHESEK, JR. )
)
31. MICHAEL CIARROCCHI )
)
32. STEVEN CLARK )
)
33. BRADFORD COCHRANE, JR. )
)
34. THOMAS CONNOLLY )
)
35. DAVID CONRAD )
)
36. ARTHUR COX )
)
37. DUSTIN CRAMER )
)
38. TRACY CRAWFORD )
)
39. KEITH CROSS )
)
40. CHARLES CUNNINGHAM )
)
41. ERIC CUNNINGHAM )
)
42. DANNY DANIELS II )
)
43. MICHAEL DAVIS )
)

44. TROY DEAN                               )

45. YOLANDA DEMARK          )

46. SAMUEL DEVERA            )

47. GARY DIZE                            )

48. KEITH DUBETSKY            )

49. BRIAN EDMONSTON         )

50. KEVIN EDWARDS            )

51. DEREK EDWARDS            )

52. FELECIA EDWARDS         )

53. SEAN EVANS                       )

54. MARK FEASTER              )

55. MICHAEL FISCHER          )

56.  COLIN FLANIGAN            )

57. THOMAS FLINT               )

58. MICHAEL FONTANA        )

59. RAMIRO GALVEZ            )

60. MICHAEL GARCIA           )

61. KENNETH GEFFEN          )

62. JARED GOFF                     )

63. GEORGE GONZALEZ        )

64. TODD GORHAM               )

65. SAMUEL GRAY               )

66. RAYMOND GRIFFIN         )

67. WESLEY GRIGG )
)
68. DAVID GRUENDEL )
)
69. MARK GUDITUS )
)
70. DAVID HALL )
)
71. JAMES HARRISON III )
)
72. SHERYL HEMINGWAY )
)
73. CHARLES HENDERSON )
)
74. KIT HESSEL )
)
75. JOHN HIGGINBOTHAM )
)
76. JAMES HOBGOOD )
)
77. KIMBERLY HOOD )
)
78. TRENTON HOUGHTON )
)
79. GREGORY HUNTER )
)
80. JAMES IACONE )
)
81. JAMES ISTVAN )
)
82. MICHAEL ISTVAN )
)
83. ANTHONY JACKSON )
)
84. JAMES JOHNSON )
)
85. REGINALD JOHNSON )
)
86. THOMAS JOHNSON )
)
87. WALTER JOHNSON )
)
88. JOSEPH KALEDA )
)
89. GLENN KAPLAN )
)

90. PATRICK KELLY                )
                                 )
91. REBECCA KELLY                )
                                 )
92. WILLIAM KINGDON              )
                                 )
93. JOSPEH KISER                 )
                                 )
94. ROBERT KITCHEN               )
                                 )
95. JOSEPH KNERR                 )
                                 )
96. ROBERT KONCZAL               )
                                 )
97. TONY KOSTECKA                )
                                 )
98. RONALD KULEY                 )
                                 )
99. RICHARD LANCING              )
                                 )
100.    DAVID LANGE              )
                                 )
101.    JAMES LEE                )
                                 )
102.    JOHN LEETE               )
                                 )
103.    JEFFREY LEWIS            )
                                 )
104.    ROBERT LISON             )
                                 )
105.    MATTHEW LOPEZ            )
                                 )
106.    WILLIAM LYNCH            )
                                 )
107.    BARRY MAHAM              )
                                 )
108.    MICHAEL MARKS            )
                                 )
109.    CHARLES MARTIN           )
                                 )
110.    JAMES MASIELLO           )
                                 )
111.    PAUL MASIELLO            )
                                 )
112.    GLENN MASON              )
                                 )

113. COREY MATTHEWS )
)
114. THOMAS MAYHEW )
)
115. STEVEN MCFARLAND )
)
116. ROGER MCGEHEE )
)
117. RICHARD MCKINNEY JR. )
)
118. KERWIN MCNAMARA )
)
119. FRANCIS MENSAH )
)
120. MARK MENTON )
)
121. JOSEPH MERRITT, JR. )
)
122. STEPHEN MILLER )
)
123. ROBERT MOHLER )
)
124. JEFFREY MONGOLD )
)
125. DONALD MONTAGUE )
)
126. BRIAN MORAVITZ )
)
127. JOHN MORRIS )
)
128. RICHARD MOXLEY )
)
129. JOHN NIEMIEC )
)
130. BRYAN NIX, JR. )
)
131. STEVEN NORRIS )
)
132. STEPHEN O'BRIEN )
)
133. MILTON PAINTER )
)
134. JOSEPH PALAU, III )
)
135. DENNIS PASSMORE )
)

| | | |
|---|---|---|
| 136. | GARY PEMBERTON | ) |
| | | ) |
| 137. | JOHN PETERS | ) |
| | | ) |
| 138. | DALLAS PHILLIPS | ) |
| | | ) |
| 139. | RALPH PISANI | ) |
| | | ) |
| 140. | CHARLES PULLEN | ) |
| | | ) |
| 141. | E MARTIN RANCK, III | ) |
| | | ) |
| 142. | BARRY RATHBONE | ) |
| | | ) |
| 143. | JOHN RICHTER | ) |
| | | ) |
| 144. | NATALIE ROBB | ) |
| | | ) |
| 145. | RONNIE RODRIGUEZ | ) |
| | | ) |
| 146. | MATTHEW RYAN | ) |
| | | ) |
| 147. | WILLIAM SCHELLHAMMER, III | ) |
| | | ) |
| 148. | MARK SCHROEDER | ) |
| | | ) |
| 149. | DAVID SCHWARZMANN | ) |
| | | ) |
| 150. | MICHAEL SEASE, II | ) |
| | | ) |
| 151. | DAVID SELLERS | ) |
| | | ) |
| 152. | DANIEL SHAW | ) |
| | | ) |
| 153. | RICHARD SMITH | ) |
| | | ) |
| 154. | SCOTT SMITH | ) |
| | | ) |
| 155. | MICHAEL SNAPP | ) |
| | | ) |
| 156. | JAMES SOBOTA | ) |
| | | ) |
| 157. | JAMES STICKLEN | ) |
| | | ) |
| 158. | REX STRICKLAND | ) |
| | | ) |

159.   CHERI STROUP                    )
                                        )
160.   RONALD SYDNOR                   )
                                        )
161.   KENDALL THOMPSON               )
                                        )
162.   LORENZO THROWER                )
                                        )
163.   CHRISTOPHER TILLES             )
                                        )
164.   DAVID TOBIN                     )
                                        )
165.   JEFFREY TOLLE                   )
                                        )
166.   GLENN TSCHANN                   )
                                        )
167.   WILLIAM VANNOY                 )
                                        )
168.   DONALD VAUGHT                  )
                                        )
169.   JACK WALMER, JR.               )
                                        )
170.   JOHN WALSER                     )
                                        )
171.   THOMAS WEALAND                 )
                                        )
172.   OSCAR WELLS                     )
                                        )
173.   WAYNE WENTZEL                  )
                                        )
174.   MICHAEL WHETSELL              )
                                        )
175.   PAUL WHITE                      )
                                        )
176.   KENNETH WILDMAN               )
                                        )
177.   JEROME WILLIAMS                )
                                        )
                                        )
                                        )
                                        )
                                        )
                                        )
                                        )
                                        )

178.   MARCUS WILLIAMS                     )
                                           )
179.   ELTON WRIGHT                        )
                                           )
          Plaintiffs,

vs.

COUNTY OF FAIRFAX, VA,

          Defendant.

---

## COMPLAINT

### INTRODUCTION

Plaintiffs, by and through their counsel, the law firm of Woodley & McGillivary, respectfully submit their complaint against the County of Fairfax, Virginia, and state as follows:

### PARTIES

1. At all times material herein, plaintiffs James Sobota and Paul Masiello have been employed by the defendant County of Fairfax, Virginia as Fire Investigators at the rank of Captain II or below in the Fairfax County Fire and Rescue Department and assigned to the Investigations Section (hereinafter "Fire Investigator Plaintiffs").

2. The additional persons who are plaintiffs in this action have been employed by the defendant County of Fairfax, Virginia, in the position of either Captain I and/or Captain II in the Fairfax County Fire and Rescue Department and are or were assigned to the Operations Bureau in one or more of the County's 38 fire stations (hereinafter "Fire Captain Plaintiffs").

3. Plaintiffs bring this action for a declaratory judgment, back pay, liquidated damages and other relief pursuant to 29 U.S.C. § 207, 29 U.S.C. § 216(b), and 28 U.S.C. § 1331, to remedy the defendant's willful and unlawful violations of federal and state law complained of herein.

9

4.  Plaintiffs are identified in the caption of the Complaint and have given their written consent to be party plaintiffs in this action pursuant to 29 U.S.C. § 216(b). Such written consents are appended to this Complaint in Appendix A. These written consent forms set forth each plaintiff's name and address.

5.  Each of the plaintiffs in this action while employed by the defendant has been an "employee" within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 203(e)(1). The Fire Captain Plaintiffs have been "fire protection employees" within the meaning of the FLSA, 29 U.S.C. Section 203(y) and Virginia Code Section 9.1-700 *et seq.* The Fire Investigator Plaintiffs have been employees engaged in "law enforcement activities" within the meaning of the FLSA, 29 U.S.C. §207(k), and Virginia Code Section 9.1-700 *et seq.*

6.  Defendant County of Fairfax, Virginia ("Fairfax County"), is an employer within the meaning of Section 3(d) of the FLSA and a public agency within the meaning of Section 3(x) of the FLSA. 29 U.S.C. § 203(d) and 203(x). Fairfax County is, and was at all times material hereto, an employer within the meaning of Virginia Code Section 9.1-700 *et seq.* Fairfax County's principal office and place of business is located at 12000 Government Center Parkway, Fairfax, VA 22035.

## JURISDICTION AND VENUE

7.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), and 28 U.S.C. §1367(a) (supplemental jurisdiction to entertain claims in Count V).

8.  Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## FACTS

10

9.  Since January 3, 2011, as well as before, the Fire Investigator Plaintiffs have worked within the Fairfax County Fire and Rescue Department ("FCFRD") for the defendant in the position of Fire Investigator at the rank of Captain II or below and have been, or are, assigned to the Investigations Section of the FCFRD.

10.  Within the last three years and continuing to date, the primary job duty of the Fire Investigator Plaintiffs is to determine the cause and origin of fires by investigating the cause of fires once the fires have been extinguished by fire fighters assigned to the Operations Bureau. The Fire Investigator Plainitffs also investigate explosions, attempts or threats to commit such offenses, false alarms, and the possession and manufacture of explosive devices.

11.  The Fire Investigator Plaintiffs have the power of arrest and are authorized to carry firearms and must maintain firearms qualifications.

12.  The Fire Investigator Plaintiffs are not dispatched to fire scenes for the purpose of preventing, controlling or extinguishing fires.  Accordingly, they are not employees engaged in "fire protection activities" within the meaning of the FLSA, 29 U.S.C. §203(y).  Instead, the Fire Investigator Plaintiffs' investigation responsibilities begin when the fire fighters have extinguished the fire.

13.  The Fire Investigator Plaintiffs are assigned to work, and in fact do work, a regular and recurrent schedule of two 12 hour day shifts on-duty, followed by two 12 hour night shifts on-duty followed by four days off-duty. Fire Investigator Plaintiffs are therefore regularly assigned to work, and do work, in excess of 40 hours per week, as well as in excess of 43 hours per week and 171 hours in a 28-day period.  When Fire Investigator Plaintiffs work hours in excess of 40 per week, as well as in excess of 43 hours per week and 171 hours in a 28-day period, plaintiffs receive only straight time pay for their overtime hours.

11

14. Defendant has in its custody and control the records showing the shift assignments of each Fire Investigator Plaintiff during the relevant time period.

15. At all relevant times, and ongoing, Fire Investigator Plaintiffs have been unlawfully paid only the straight time rate of pay, as opposed to time and one-half their regular rate of pay, for any and all hours worked in excess of 40 hours per week. In addition, at all relevant times, and ongoing, Fire Investigator Plaintiffs unlawfully have been paid only the straight time rate of pay, as opposed to time and one-half their regular rate of pay for any and all hours worked in excess of 43 hours per week and 171 hours in a 28-day period.

16. Since November 1, 2010, as well as before, the Fire Captain Plaintiffs have worked within the FCFRD for the defendant in the position of either Captain I and/or Captain II and have been assigned to the Operations Bureau.

17. FCFRD has 38 fire stations. The 38 stations are divided into seven battalions. Each station is staffed similarly, with three 24-hour long shifts to ensure continuous 24-hour coverage 365 days a year. The shifts are identified as A shift, B shift, and C shift. Defendant assigns each Fire Captain Plaintiff to a particular shift and station. Defendant has in its custody and control the records showing the shift and station assignments of each Fire Captain Plaintiff during the relevant time period.

18. Each shift at each station is staffed with an operational crew of at least one Captain I or Captain II and approximately five fire fighters, while other stations are staffed with operational crews of approximately ten employees: one Captain I or Captain II, two Lieutenants, and between five and seven fire fighters of various rank (fire fighter, technician and master technician). Employees at the rank of Fire Captain I and Fire Captain II report directly to a Battalion Chief.

19. Within the last three years, and continuing to date, while working at the rank of Captain I and Captain II on behalf of defendant, the Fire Captain Plaintiffs' primary job duty has been, and remains, to protect and serve the public by engaging in fire suppression and related activities. The Fire Captain Plaintiffs are required to respond with their crew to all fire calls assigned to their particular fire station. While on the scene of fire calls, the Fire Captain Plaintiffs, along side their crew, engage in the control, suppression, and extinguishment of fires and the rescue of fire or accident victims. Fire Captain Plaintiffs are also required to participate in the same physical fitness program and complete all required training as the other members of the crew on which they serve. In addition, the Fire Captain Plaintiffs who are assigned as Safety Officers while working at the rank of Captain I and Captain II are automatically dispatched to certain calls where they go into a fire scene to determine whether there are any safety issues that might be present (*i.e.*, gas levels, the structural integrity of the fire scene, etc.), to ensure the safety and security of the employees engaging in fire suppression activities.

20. While working in the position of either Captain I or Captain II on behalf of defendant, the Fire Captain Plaintiffs are assigned to work, and in fact do work, a regular and recurrent schedule of 24 hours on-duty, followed by 24 hours off-duty, followed by 24 hours on-duty, followed by 24 hours off-duty, followed by 24 hours on-duty, followed by 96 hours off-duty, which results in their working, on average 56 hours per week, and either 216 hours or 240 hours every 28 days. Fire Captain Plaintiffs are therefore regularly assigned to work, and do work, in excess of 40 hours per week, as well as in excess of 53 hours per week and 212 hours in a 28-day period. When plaintiffs work hours in excess of 40 per week, as well as in excess of 53 hours per week and 212 hours in a 28-day period, plaintiffs receive only straight time pay for their overtime hours.

13

21. At all relevant times, and ongoing, plaintiffs occupying Captain I and/or Captain II positions were unlawfully paid only the straight time rate of pay, as opposed to time and one-half their regular rate of pay, for any and all hours worked in excess of 40 hours per week. In addition, at all relevant times, and ongoing, plaintiffs assigned to Captain I and Captain II positions unlawfully have been paid only the straight time rate of pay, as opposed to time and one-half their regular rate of pay for any and all hours worked in excess of 53 hours per week and 212 hours in a 28-day period.

**COUNT I**
**(FIRE INVESTIGATOR PLAINTIFFS)**
**VIOLATION OF 207(a) OF THE FAIR LABOR STANDARDS ACT**

22. Plaintiffs re-allege, and incorporate by reference herein, paragraphs 1 through 21 of this Complaint.

23. During the times that Fire Investigator Plaintiffs have worked in excess of 40 hours in a workweek, defendant has failed to provide Fire Investigator Plaintiffs with the rights and protections provided under the FLSA, including overtime pay at the rate of one and one-half times their regular rates of pay for all hours Fire Investigator Plaintiffs have worked in excess of the hourly standards set forth under 29 U.S.C. § 207(a).

24. By failing to pay the Fire Investigator Plaintiffs and other employees similarly situated the overtime pay required under the law, the defendant has violated and is continuing to violate the provisions of the FLSA in a manner that is unreasonable, willful and in bad faith. As a result, at all times material herein, the plaintiffs have been unlawfully deprived of overtime compensation and other relief for the maximum period allowed under the law.

25. As a result of the defendant's willful, unreasonable and bad faith violations of the FLSA, there have become due and owing to the Fire Investigator Plaintiffs an amount that has not yet been precisely determined.  The employment and work records for the Fire Investigator Plaintiffs (including time and attendance records) are in the exclusive possession, custody and control of the defendant and the plaintiffs are unable to state at this time the exact amount owing to them. Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to the Fire Investigator Plaintiffs and other employees similarly situated from which the amount of defendant's liability can be ascertained.

26. Pursuant to 29 U.S.C. § 216(b), Fire investigator Plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the defendant's failure to pay overtime compensation.

27. Fire Investigator Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## COUNT II
### (FIRE INVESTIGATOR PLAINTIFFS)
### VIOLATION OF 207(k) OF THE FAIR LABOR STANDARDS ACT

28. Fire Investigator Plaintiffs re-allege, and incorporate by reference herein, paragraphs 1 through 27 of this Complaint.

29. Under the U.S. Department of Labor's regulations applicable to law enforcement employees covered under 29 U.S.C. §207(k), (29 C.F.R. §553.230), an employer must pay overtime compensation to such employees at a rate not less than one and one-half times their regular rate of pay for hours of work in excess of 43 hours in a 7-day work period or in excess of

171 hours in a maximum 28-day work period (or in excess of a proportionate number of hours for work periods between 7 and 28 days).

30. During the times that Fire Investigator Plaintiffs have worked in excess of 43 hours per workweek and 171 hours in a 28-day period, defendant has failed to provide Fire Investigator Plaintiffs with the rights and protections provided under the FLSA, including overtime pay at the rate of one and one-half times their regular rates of pay for all hours Fire Investigator Plaintiffs have worked in excess of the hourly standards set forth under 29 U.S.C. § 207(k).

31. By failing to pay the Fire Investigator Plaintiffs and other employees similarly situated the overtime pay required under the law, the defendant has violated and is continuing to violate the provisions of the FLSA in a manner that is unreasonable, willful and in bad faith. As a result, at all times material herein, the Fire Investigator Plaintiffs have been unlawfully deprived of overtime compensation and other relief for the maximum period allowed under the law.

32. As a result of the defendant's willful, unreasonable and bad faith violations of the FLSA, there have become due and owing to the Fire Investigator Plaintiffs an amount that has not yet been precisely determined. The employment and work records for the Fire Investigator Plaintiffs (including time and attendance records) are in the exclusive possession, custody and control of the defendant and the plaintiffs are unable to state at this time the exact amount owing to them. Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to the Fire Investigator Plaintiffs and other employees similarly situated from which the amount of defendant's liability can be ascertained.

33. Pursuant to 29 U.S.C. § 216(b), the Fire Investigator Plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the defendant's failure to pay overtime compensation.

34. Fire Investigator Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## COUNT III
## (FIRE CAPTAIN PLAINTIFFS)
## VIOLATION OF 207(a) OF THE FAIR LABOR STANDARDS ACT

35. Plaintiffs re-allege, and incorporate by reference herein, paragraphs 1 through 34 of this Complaint.

36. During the times that Fire Captain Plaintiffs have worked in excess of 40 hours in a workweek, defendant has failed to provide Fire Captain Plaintiffs with the rights and protections provided under the FLSA, including overtime pay at the rate of one and one-half times their regular rates of pay for all hours Fire Captain Plaintiffs have worked in excess of the hourly standards set forth under 29 U.S.C. § 207(a).

37. By failing to pay the Fire Captain Plaintiffs and other employees similarly situated the overtime pay required under the law, the defendant has violated and is continuing to violate the provisions of the FLSA in a manner that is unreasonable, willful and in bad faith. As a result, at all times material herein, the Fire Captain Plaintiffs have been unlawfully deprived of overtime compensation and other relief for the maximum period allowed under the law.

38. As a result of the defendant's willful, unreasonable and bad faith violations of the FLSA, there have become due and owing to the Fire Captain Plaintiffs an amount that has not yet been precisely determined. The employment and work records for the Fire Captain Plaintiffs (including time and attendance records) are in the exclusive possession, custody and control of

the defendant and the plaintiffs are unable to state at this time the exact amount owing to them. Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to the Fire Captain Plaintiffs and other employees similarly situated from which the amount of defendant's liability can be ascertained.

39. Pursuant to 29 U.S.C. § 216(b), Fire Captain Plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the defendant's failure to pay overtime compensation.

40. Fire Captain Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

**COUNT IV**
**(FIRE CAPTAIN PLAINTIFFS)**
**VIOLATION OF 207(k) OF THE FAIR LABOR STANDARDS ACT**

41. Fire Captain Plaintiffs re-allege, and incorporate by reference herein, paragraphs 1 through 40 of this Complaint.

42. Under the U.S. Department of Labor's regulations applicable to fire fighters covered under 29 U.S.C. §207(k), (29 C.F.R. §553.230), an employer must pay overtime compensation to such employees at a rate not less than one and one-half times their regular rate of pay for hours of work in excess of 53 hours in a 7-day work period or in excess of 212 hours in a maximum 28-day work period (or in excess of a proportionate number of hours for work periods between 7 and 28 days).

43. During the times that Fire Captain Plaintiffs have worked in excess of 53 hours per workweek and 212 hours in a 28-day period, defendant has failed to provide Fire Captain

18

Plaintiffs with the rights and protections provided under the FLSA, including overtime pay at the rate of one and one-half times their regular rates of pay for all hours Fire Captain Plaintiffs have worked in excess of the hourly standards set forth under 29 U.S.C. § 207(k) and 29 C.F.R. §553.230.

44. By failing to pay the Fire Captain Plaintiffs and other employees similarly situated the overtime pay required under the law, the defendant has violated and is continuing to violate the provisions of the FLSA in a manner that is unreasonable, willful and in bad faith. As a result, at all times material herein, the Fire Captain Plaintiffs have been unlawfully deprived of overtime compensation and other relief for the maximum period allowed under the law.

45. As a result of the defendant's willful, unreasonable and bad faith violations of the FLSA, there have become due and owing to the Fire Captain Plaintiffs an amount that has not yet been precisely determined. The employment and work records for the Fire Captain Plaintiffs (including time and attendance records) are in the exclusive possession, custody and control of the defendant and the plaintiffs are unable to state at this time the exact amount owing to them. Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to the Fire Captain Plaintiffs and other employees similarly situated from which the amount of defendant's liability can be ascertained.

46. Pursuant to 29 U.S.C. § 216(b), the Fire Captain Plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the defendant's failure to pay overtime compensation.

47. Fire Captain Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

19

## COUNT V
## VIOLATION OF STATE LAW

48. Fire Investigator and Fire Captain Plaintiffs re-allege, and incorporate by reference herein, paragraphs 1 through and 47 of this Complaint.

49. During the times that Fire Investigator and Fire Captain Plaintiffs have worked in excess of 40 hours per workweek, as well as the time that Fire Investigator Plaintiffs have worked in excess of 43 hours per workweek and 171 hours in a 28-day period, as well as times that Fire Captain Plaintiffs have worked in excess of 53 hours per workweek and 212 hours per 28-day period, defendant has failed to provide them with the rights and protections provided under Virginia Code Section 9.1-700 *et seq.* ("Overtime Compensation for Law-Enforcement Employees and Firefighters, Emergency Medical Technicians, and Other Fire Protection Employees"). Specifically, under Va. Code §§ 9.1-701 through 9.1-703, defendant has failed to pay plaintiffs all overtime pay at the rate of one and one-half times their regular rates of pay for all hours plaintiffs have worked in excess of the hourly standards set forth under 29 U.S.C. §§ 207(a) and (k).

50. By failing to pay the Fire Investigator Plaintiffs and Fire Captain Plaintiffs and other employees similarly situated the overtime pay required under state law, the defendant has violated and is continuing to violate, in a willful, unreasonable and bad faith manner, the provisions of state law. As a result, at all times material herein, the Fire Investigator Plaintiffs and Fire Captain Plaintiffs have been unlawfully deprived of overtime compensation and other relief for the maximum period allowed under the law.

51. As a result of the defendant's willful, unreasonable and bad faith violations of state law, there have become due and owing to the Fire Investigator Plaintiffs and Fire Captain Plaintiffs an

20

amount that has not yet been precisely determined. The employment and work records for the Fire Investigator Plaintiffs and Fire Captain Plaintiffs (including time and attendance records) are in the exclusive possession, custody and control of the defendant and the Fire Investigator Plaintiffs and Fire Captain Plaintiffs are unable to state at this time the exact amount owing to them.

52. Pursuant to Va. Code Ann. § 9.1-704(A), the Fire Investigator Plaintiffs and the Fire Captain Plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the defendant's failure to pay overtime compensation.

53. Pursuant to Va. Code Ann. § 9.1-704(B), the Fire Investigator Plaintiffs and the Fire Captain Plaintiffs are entitled to recover attorneys' fees and costs.

### DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and applicable law, all plaintiffs hereby demand that their claims be tried before a jury.

### PRAYER FOR RELIEF

WHEREFORE, all plaintiffs, on their own behalf and on behalf of others similarly situated, pray that this Court:

(a) Enter judgment declaring that the defendant has willfully and wrongfully violated its statutory obligations under federal law, and obligations under state law, and deprived each of the plaintiffs of his/her rights;

(b) Order a complete and accurate accounting of all the compensation to which the plaintiffs are entitled;

(c) Award plaintiffs compensatory relief in the form of liquidated damages equal to their unpaid compensation;

(d) Award plaintiffs interest on their unpaid compensation;

(e) Award plaintiffs their reasonable attorneys' fees to be paid by the defendant, and the costs and disbursements of this action; and

(f) Grant such other relief as may be just and proper.


Respectfully submitted,

Gregory K. McGillivary
Va. Bar No. 25689
Molly A. Elkin
Va. Bar No.  40967
WOODLEY & McGILLIVARY
1101 Vermont, N.W.
Suite 1000
Washington, DC  20005
Phone:  (202) 833-8855

Attorney for Plaintiffs