IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| GERARD MORRISON, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> COUNTY OF FAIRFAX, VIRGINIA, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 1:14cv-00005 (CMH/JFA) |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' CLAIM OF WILLFULNESS AND THE SECTION 260 GOOD FAITH DEFENSE TO LIQUIDATED DAMAGES**

Pursuant to Fed. R. Civ. P. 56, Defendant, the County of Fairfax, Virginia (the "County"), respectfully moves for summary judgment on Plaintiffs' claim of willfulness and the Section 260 good faith defense to liquidated damages. The accompanying Memorandum in support of this Motion sets forth more fully the reasons supporting the County's requested relief.

This motion presents two separate issues, which the Court need not reach if it determines that Plaintiffs are exempt from the time and one half overtime requirements of the Fair Labor Standards Act ("FLSA" or "the Act"). First, with respect to the question of whether the County *willfully* violated the FLSA, thus extending the statute of limitations from two years to three, the answer is "no." There is no binding precedent supporting Plaintiffs' overtime claims for the four Captain positions at issue, nor has the Department of Labor informed the County that its pay practices are unlawful. To the contrary, prior litigation against the County in this Court on the very issue raised in this lawsuit confirms that the fire suppression Captains I and II perform exempt management duties. The "first responder" regulation that the Department of Labor subsequently promulgated in 2004 does not render this precedent obsolete, as that regulation

1

solely addresses the inapposite situation where a fire protection employee's *only* supervisory role occurs at an incident scene. Post-2004 case law supports the County's position as well. While Plaintiffs allege that a few inquiries about their exempt status support their claim of willfulness, this Court has explained that inquiries alone are not sufficient to demonstrate willfulness where the employer legitimately believes its practices are lawful, as is the case here. Finally, there is not a shred of evidence suggesting that the County knew or suspected its pay practices were non-compliant. Consequently, Plaintiffs cannot show the actual knowledge or reckless disregard required to prove willfulness under the FLSA.

The second question addressed by this Motion is whether the undisputed facts support the exercise of the Court's discretion to shield the County from liquidated damages, because the County was acting in good faith, reasonably believing that it was correctly interpreting the Act? The answer to the second question is "yes." In describing the actions the County has taken over the years to assure its compliance with the FLSA, the County's Director of Human Resources has demonstrated the County's subjective good faith, and there are no contrary facts in the record. Further, given the case law supporting the County's position, its pay practices cannot be deemed to have been objectively unreasonable. Indeed, both the union representing Plaintiffs and Plaintiffs' counsel have recognized that the judicial climate is not favorable to their position. Given this bell-ringer concession and the wealth of undisputed evidence of the County's subjective and objective good faith, the County respectfully submits that the Court should exercise its discretion on this issue and rule that Plaintiffs may not recover liquidated damages.

Respectfully submitted,

COUNTY OF FAIRFAX, VIRGINIA

By: _____/s/_____
Sona Rewari (VSB No. 47327)
HUNTON & WILLIAMS LLP
1751 Pinnacle Drive ,Suite 1700
McLean, Virginia 22102
(703) 714-7512
(703) 918-4018 (facsimile)
srewari@hunton.com

Lewis F. Powell III (VSB No. 18266)
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone: 804-788-8488
lpowell@hunton.com

Evangeline C. Paschal (*pro hac vice*)
HUNTON & WILLIAMS LLP
2200 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
(202) 419-2174
(202) 778-7433 (facsimile)
epaschal@hunton.com

Cynthia L. Tianti, Deputy County Attorney (VSB No. 21962)
Ann G. Killalea, Assistant County Attorney (VSB No. 23913)
David Klass, Assistant County Attorney (VSB No. 78697)
12000 Government Center Parkway, Suite 549
Fairfax, Virginia 22035
(703) 324-2421
(703) 324-2665 (facsimile)
cynthia.tianti@fairfaxcounty.gov
ann.killalea@fairfaxcounty.gov
david.klass@fairfaxcounty.gov

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of August, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

/s/
Sona Rewari (VSB No. 47327)
HUNTON & WILLIAMS LLP
1751 Pinnacle Drive
Suite 1700
McLean, Virginia 22102
(703) 714-7512
(703) 918-4018 (facsimile)
srewari@hunton.com