IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

GERARD MORRISON, *et al.*,           )
                                      )
          Plaintiffs,                 )
                                      )
    v.                                )        Civil Action No. 1:14cv-00005 (CMH/JFA)
                                      )
COUNTY OF FAIRFAX, VIRGINIA,          )
                                      )
          Defendant.                  )
                                      )

## DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' CLAIM OF WILLFULNESS AND THE SECTION 260 GOOD FAITH DEFENSE TO LIQUIDATED DAMAGES

# TABLE OF CONTENTS

Page

I       Introduction ..................................................................................................... 1

II      Statement of Undisputed Facts ........................................................................ 2

III     Argument ......................................................................................................... 10

        A.      Legal Standard ..................................................................................... 10

        B.      The County Is Entitled To Summary Judgment On Plaintiffs' Claim Of
                Willfulness ........................................................................................... 11

                1.      The County is entitled to summary judgment on Plaintiffs'
                        willfulness claim because there is no binding precedent supporting
                        Plaintiffs' claims ................................................................... 12

                2.      Case Law From Other Jurisdictions Does Not Support Plaintiffs'
                        Position Regarding Misclassification .................................... 15

                3.      The Undisputed Facts Undermine Plaintiffs' Willfulness Claim. ............. 18

                4.      Plaintiffs Cannot Prove Their Willfulness Claim With Respect To
                        The EMS Captain II And Safety Officer Captain I Positions .................. 21

        C.      The County Is Entitled To Summary Judgment On Its FLSA Section 260
                Good Faith Defense To Liquidated Damages ....................................... 22

IV      Conclusion ....................................................................................................... 24

# TABLE OF AUTHORITIES

**CASES**

*Allen v. Cnty. of Fairfax,*
    16 F.3d 408 (4th Cir. 1994) .................................................................................5

*Anderson v. Liberty Lobby, Inc.,*
    477 U.S. 242 (1986).........................................................................................10

*Barrows v. City of Chattanooga,*
    944 F. Supp. 2d 596 (E.D. Tenn. 2013).............................................................16

*Benavides v. City of Austin,*
    No. A-11-CV-438-LY, 2013 WL 3197636 (W.D. Tex. June 20, 2013) ...........17, 21

*Celotex Corp. v. Catrett,*
    477 U.S. 317 (1986).........................................................................................10

*Cubias v. Casa Furniture & Bedding, LLC,*
    No. 1:06cv386 (JCC), 2007 WL 150973 (E.D. Va. Jan. 16, 2007).......................13

*Epps v. Arise Scaffolding & Equip., Inc.,*
    No. 2:10cv189, 2011 WL 1566001 (E.D. Va. Apr. 22, 2011)...............................22

*Epps v. Arise Scaffolding & Equip., Inc.,*
    No. 2:10cv189, 2011 WL 1566004 (E.D. Va. Feb. 17, 2011)...............................18

*Hantz v. Prospect Mortgage, LLC,*
    No. 1:13cv1435(JCC/TRJ), 2014 WL 463019 (E.D. Va. Feb. 5, 2014)...................11, 12, 13

*Hartman v. Arlington County, Va.,*
    720 F. Supp. 1227 (E.D. Va. 1989) ...............................................13, 14, 15, 21

*Hartman v. Arlington County, Va.,*
    903 F.2d 290 (4th Cir. 1990) ...........................................................................14

*Herman v. Palo Grp. Foster Home, Inc.,*
    183 F.3d 468 (6th Cir. 1999) ...........................................................................13

*Int'l Ass'n of Fire Fighters, Alexandria Local 2141 v. City of Alexandria, Va.,*
    720 F. Supp. 1230 (E.D. Va. 1989) .................................................................14

*LeMaster v. Alternative Healthcare Solutions, Inc.,*
    726 F. Supp. 2d 854 (M.D. Tenn. 2010)............................................................11

*Martin v. Deiriggi,*
    985 F.2d 129 (4th Cir. 1992) ...........................................................................13

*Mayhew v. Wells,*
125 F.3d 216 (4th Cir. 1997) .................................................................22

*McLaughlin v. Richland Shoe Co.,*
486 U.S. 128 (1988)..............................................................................11

*Mullins v. City of New York,*
653 F.3d 104 (2d Cir. 2011)........................................................ *passim*

*Munston v. MKI Systems, Inc.,*
951 F. Supp. 603 (E.D. Va. 1997), *vacated on other grounds,*
121 F.3d 699 (4th Cir. 1997) ....................................................12, 20, 21

*Perez v. Mountaire Farms, Inc.,*
650 F.3d 350 (4th Cir. 2011) ...........................................................12, 22

*Rains v. East Coast Towing & Storage, LLC,*
820 F. Supp. 2d 743 (E.D. Va. 2011) ...................................................11

*Spriggs v. Diamond Auto Glass,*
242 F.3d 179 (4th Cir. 2001) .................................................................10

*Terwilliger v. Home of Hope, Inc.,*
21 F. Supp. 2d 1305 (N.D. Okla. 1998)................................................11

*Thomas v. Cnty. of Fairfax,*
803 F. Supp. 1142 (E.D. Va. 1992) .........................................................5

*Thomas v. County of Fairfax,*
758 F. Supp. 353 (E.D. Va. 1991) ........................................................4, 5

*Watkins v. City of Montgomery,*
No. 2:11-cv-0158-MEF, 2013 WL 1345881 (M.D. Ala. Mar. 19, 2013)........................17, 21

**OTHER AUTHORITIES**

29 C.F.R. § 541.3(b) ........................................................................................14

29 C.F.R. § 541.3(b)(2)....................................................................................14

29 C.F.R. § 541.601 .........................................................................................16

29 U.S.C. § 255(a) ...........................................................................................11

29 U.S.C. § 260 ................................................................................................22

69 Fed. Reg. 22122-01, 22130 (Apr. 23, 2004)...............................................14

Fed. R. Civ. P. 56(a) ........................................................................................10

Defendant, the County of Fairfax, Virginia (the "County"), respectfully submits this Memorandum in support of its Motion for Summary Judgment on Plaintiffs' Claim of Willfulness and the Section 260 Good Faith Defense to Liquidated Damages.

## I.    <u>INTRODUCTION</u>

This motion presents two separate issues, which the Court need not reach if it determines that Plaintiffs are exempt from the time and one half overtime requirements of the Fair Labor Standards Act ("FLSA").  First, did the County ***willfully*** violate the FLSA, thus extending the statute of limitations from two years to three?  The answer to the first question is "no."  Second, do the undisputed facts support the exercise of the Court's discretion to shield the County from liquidated damages, because the County was acting in good faith, reasonably believing that it was correctly interpreting the Act?  The answer to the second question is "yes."[1]

Even if Plaintiffs could prove a violation of the Act, they cannot prove a willful violation. There is no binding precedent supporting Plaintiffs' overtime claims for the four Captain positions at issue, nor has the Department of Labor informed the County that its pay practices are unlawful.  To the contrary, prior litigation against the County in this Court on the very issue raised in this lawsuit confirms that the fire suppression Captains I and II perform exempt management duties.  The "first responder" regulation that the Department of Labor subsequently promulgated in 2004 does not render this precedent obsolete, as that regulation solely addresses the inapposite situation where a fire protection employee's ***only*** supervisory role occurs at an incident scene.  Post-2004 case law supports the County's position as well.  While Plaintiffs

---

[1]    The threshold liability question is the subject of the County's separate Motion for Summary Judgment.  As set forth therein, the undisputed material facts establish that the County's classification of Plaintiffs complies with the Act.  Obviously, if the Court grants the County's motion for summary judgment on this threshold liability issue, Plaintiffs' claim of willfulness and the County's Section 260 good faith defense to liquidated damages become moot.

allege that a few inquiries about their exempt status support their claim of willfulness, this Court has explained that inquiries alone are not sufficient to demonstrate willfulness where the employer legitimately believes its practices are lawful, as is the case here. Finally, there is not a shred of evidence suggesting that the County knew or suspected its pay practices were non-compliant. Consequently, Plaintiffs cannot show the actual knowledge or reckless disregard required to prove willfulness under the FLSA.

For similar reasons, the Court should exercise its discretion and grant the County summary judgment on its good faith defense to liquidated damages. In describing the actions the County has taken over the years to assure its compliance with the FLSA, the County's Director of Human Resources has demonstrated the County's subjective good faith, and there are no contrary facts in the record. Further, given the case law supporting the County's position, its pay practices cannot be deemed to have been objectively unreasonable. Indeed, both the union representing Plaintiffs and Plaintiffs' counsel themselves have recognized that the judicial climate is not favorable to their position. Given this bell-ringer concession and the wealth of undisputed evidence of the County's subjective and objective good faith, the County respectfully submits that the Court should exercise its discretion on this issue and rule that Plaintiffs may not recover liquidated damages.

## II.   STATEMENT OF UNDISPUTED FACTS

The County incorporates by reference its statement of undisputed facts in its Motion for Summary Judgment on Liability Issues, filed concurrently, which details the job positions and pay practices at issue. The following are additional undisputed facts relevant to the instant Motion:

1.    In approximately 1986, the County reviewed all County job classes, including those for fire protection personnel, and made a decision based on the class specifications and

position descriptions for each job class whether the job met the test for exempt status under the FLSA. Woodruff Dep. 83:22-84:4; 93:14-20; 111:25-112:13; 114:2-115:4.[2] At the time, the officer ranks in the FRD started at Sergeant, followed by Lieutenant, Captain, Battalion Chief, and up the chain of command, culminating at the rank of Fire Chief. Woodruff Decl. ¶ 6.

2.    In December 1994, the FRD asked to retitle some of those ranks, changing the titles of Sergeant to Lieutenant, Lieutenant to Captain I, and Captain to Captain II. Woodruff Decl. ¶ 8. At the time, the job duties of a Lieutenant were the job duties that are assigned to a Captain I today, and the job duties of a Captain were the job duties that are assigned to a Captain II today.[3] *Id.*

3.    Thereafter, on August 1, 1995, the FRD adopted and began using the new proposed titles for those three ranks, and it has done so ever since. Woodruff Decl. ¶ 9. At the time, the FRD issued a General Order implementing the new title changes from Sergeant to Lieutenant, Lieutenant to Captain I, and Captain to Captain II. Only the titles of the ranks changed — not the job duties or pay grades.[4] *Id.* at ¶ 10.

4.    In a memorandum dated April 16, 2003, from the County Executive to the Fire Chief, the title change was formally approved. Effective May 5, 2003, the County's class specifications were revised to reflect the title changes. Woodruff Decl. ¶ 10. The County re-

---

[2] Declaration ("Decl.") and deposition ("Dep.") excerpts referenced herein are filed separately, in alphabetical order, respectively, in Defendant's Index of Exhibits in Support of Its Memorandum in Support of Its Motion for Summary Judgment on Plaintiffs' Claim of Willfulness and the Section 260 Good Faith Defense to Liquidated Damages.

[3] The current rank structure for officers in the FRD starts at Lieutenant, followed by Captain I, Captain II, Battalion Chief, Deputy Fire Chief, Assistant Fire Chief, and Fire Chief. Woodruff Decl. ¶ 7.

[4] Now, after the Captain II, the ranks progress as follows: Battalion Chiefs, Deputy Chiefs, Assistant Chiefs, and Fire Chief. Woodruff Decl. ¶ 7.

titled the FRD position at the grade of F-22 from Sergeant to Lieutenant. It retitled the position at the grade of F-25 from Lieutenant to Captain I and the position at the grade of F-27 from Captain to Captain II. Woodruff Dep. 135:11-15; 135:18-136:3; 137:4-11; 138:9-15; 138:17-19.

5.     Plaintiffs have acknowledged that the duties of their positions did not change when the job titles changed. *See, e.g.*, Brandell Dep. 51:14-52:8; Cochrane Dep. 29:6-30:11; Kingdon Dep. 29:2-18.

6.     Beginning in 1989, present and former employees of the FRD at the rank of Lieutenant (now Captain I) filed a series of similar lawsuits against the County in the United States District Court for the Eastern District of Virginia, Alexandria Division. *See Thomas v. Cnty. of Fairfax*, No. 89-1597-A.; *Ivins v. Cnty. of Fairfax*, No. 90-00356; *Belk v. Cnty. of Fairfax*, No. 92-00342; *Baker v. County. of Fairfax*, No. 93-00342 (collectively, the *Thomas* litigation). Seven Plaintiffs in this action were plaintiffs in the *Thomas, Ivins, Belk,* or *Baker* cases. Woodruff Decl. ¶ 13. Plaintiffs' counsel, Gregory K. McGillivary, Esquire, was also counsel for the plaintiffs in the *Thomas, Ivins, Belk,* and *Baker* cases.

7.     Those lawsuits alleged that the Captain Is (then called Lieutenants) were nonexempt employees and therefore entitled to be paid overtime compensation at a rate of not less than one and a half times their regular rate of pay.

8.     At the time that the first lawsuit (*Thomas*) was filed, Captain Is (then called Lieutenants) were assigned to work a 24-hour rotating shift schedule that was identical to the shift schedule currently worked by Plaintiffs in this case. *Thomas v. Cnty. of Fairfax*, 758 F. Supp. 353, 357 (E.D. Va. 1991); Woodruff Decl. ¶ 12.

9.     After extensive briefing in the *Thomas* case, this Court found that the plaintiffs were nonexempt employees because, under the pay system used by the County at the time (but

no longer used), they were hourly employees and were not paid on a "salary basis." *Thomas v. Cnty. of Fairfax*, 803 F. Supp. 1142, 1151 (E.D. Va. 1992); *Thomas*, 758 F. Supp. at 355. At no time did this Court address whether the primary duty of the Captain Is (then called Lieutenants) was management (*i.e.*, whether Captain Is (then called Lieutenants) could properly be classified as exempt employees).

10. The County appealed this Court's *Thomas* ruling to the Fourth Circuit Court of Appeals ("Fourth Circuit"). The *Ivins*, *Belk*, and *Baker* cases were stayed pending the outcome of the appeal. *See* attached Exhibits Q-S.

11. While the appeal of the *Thomas* ruling was pending in the Fourth Circuit, on November 23, 1993, fifty-three employees of the FRD at or above the Captain II (then Captain), filed a lawsuit in this Court making similar claims.[5] *Beadle v. Cnty. of Fairfax*, No. 93-1460-A. Plaintiff Kingdon was a plaintiff in *Beadle*. *See id*.

12. The Fourth Circuit ultimately affirmed the decision of the District Court in *Thomas*. *Allen v. Cnty. of Fairfax*, 16 F.3d 408 (4th Cir. 1994).[6]

13. After the decision in *Allen*, orders were entered in the *Ivins, Belk,* and *Baker* cases on May 13, 1994. Each order recited that:

> The parties further agree that after Payroll 25 in 1992, the plaintiffs have been paid on a salary basis. The parties further agree that at all times relevant hereto to the present, ***the plaintiffs have had management as their primary duty and have regularly and customarily directed the work of two or more employees. Finally, the parties further agree that since Payroll 25 in 1992, they have been exempt executive employees.***

---

[5] The *Beadle* plaintiffs' claim that they were entitled to time and a half overtime pay relied on the District Court's finding in the *Thomas* case that the Lieutenants were not paid on a salary basis.

[6] On appeal of the *Thomas* case, Allen was the lead appellant.

*See* attached Exhibits G-I (emphasis added).

14.     Based on the decision in *Allen,* regarding the salary basis of pay, this Court awarded judgment to the *Beadle* plaintiffs on the issue of liability "for the period of November 22, 1991, through the last pay period before the plaintiffs began receiving even pay checks (in December 1992)" and further ordered that there was "no liability of the County thereafter." *See* attached Exhibit J.

15.     The orders in the *Thomas* litigation further confirmed the County's belief that it had properly classified fire protection personnel performing the job duties now associated with the Captain I and II positions as exempt.  Woodruff Dep. 85:6-14.

16.     The County periodically reviews class specifications to determine whether duties within job classes have changed and to determine if there should be a change in exempt status under the FLSA.  *See* Woodruff Dep. 84:16:22.  The class specifications themselves show that they have been periodically revised.  *See* Exhibit K.

17.     The County's Human Resources Department ("Human Resources") became aware of the Department of Labor's 2004 "first responder regulation" around the time that it was promulgated.  *See* Woodruff Dep. 95:19-22; 96:1-6; 96:9-11; 96:13-21.  Human Resources reviewed the regulation, online resources about the regulation from Thompson Publishing, professional association materials, practices in other jurisdictions, and it consulted with the FRD and determined that nothing had changed with respect to the FRD's job classes.  Human Resources then determined that the regulation did not necessitate re-classification of the Captain I and II positions because the regulation merely dealt with the situation where a fire protection employee's ***only*** supervisory role occurred at the scene of an incident.  Woodruff Dep. 96:16-

97:21; 97:24-98:1: 98:4-19; 126:6-9; 126:14-127:8; 151:10-16; 151:20-17; 203:21-204:2; 204:8-205:12; 205:16-24.

18.     From time to time, the County has received inquiries from FRD personnel asking whether the Captain I and II positions are exempt in light of the first responder regulation. *See generally* Woodruff Dep. 142:19-146:11; 146:21-149:9. Such requests are usually handled by Human Resources. *See* Woodruff Dep. 150:11-16; 150:19-151:8; 151:10-16; 151:20-152:21. Given that the County had determined in 2004 when the first responder regulation was promulgated that it did not affect the County's prior analysis and determination that such positions are exempt, Human Resources did not have reason to conduct a new analysis in response to each inquiry so long as the job duties remained the same. *See* Woodruff Dep. 151:10-16; 151:20-152:21.

19.     In addition, in 2007 Human Resources surveyed neighboring jurisdictions to compare how each classifies and pays their fire protection personnel, taking into account that different jurisdictions use different position titles for the same job. *See* Ex. L; Woodruff Dep. 172:22-173:10. For example, a lieutenant in one jurisdiction may be the equivalent of a captain in another. *See* Ex. L. The survey showed that the neighboring jurisdictions of Arlington and Prince William Counties, the City of Alexandria, and even Montgomery County, Maryland (where employees have the ability to bargain collectively) classify positions at the rank equivalent to Captain I and above as exempt from FLSA overtime requirements. *See id.* While Arlington and Prince William Counties have elected to pay overtime at the time and one-half rate to positions equivalent to the Captain I position, they do so voluntarily as a matter of policy and are not required to do so given their classification of their equivalent positions as exempt. *See id.*

20.     While some FRDs in neighboring jurisdictions in Maryland and the District of Columbia treat positions equivalent to the County's Captain I position as nonexempt, those jurisdictions address pay policies and practices through the collective bargaining process, which does not apply to jurisdictions in the Commonwealth of Virginia.  *See* Woodruff Dep. 192:25-193:12; 193:14-194:10; 194:12-196:12; 196:14-197:3; 197:5-8.

21.     In addition to this survey of neighboring jurisdictions, the County routinely monitors the compensation practices in surrounding jurisdictions with respect to FRD personnel to ensure that the County remains competitive.  *See* Woodruff Dep. 148:8-149:9; 151:10-16; 151:20-152:17; 172:22-174:9; 174:12-18; 174:20-175:7; 177:21-178:12; 239:21-241:2.  If such routine monitoring were to reveal that the County's classification decisions appear to be incongruous, the County would investigate the issue through cooperation of Human Resources and the County Attorney's Office.  *See* Woodruff Dep. 123:24-124:3; 124:5-17; 126:6-9; 126:14-127:13.  However, since 1986 the County has not received information indicating that revisiting its classification under the FLSA of FRD personnel was necessary. *See* Woodruff Dep. 239:8-20.

22.     In response to an April 2007 letter from Charles Ryan, an FRD Deputy Chief and President of the Professional Fire and Rescue Officers Association, to Supervisor Gerry Hyland of the Fairfax County Board of Supervisors ("Board"), regarding the effect of the first responder regulation on the exempt status of FRD personnel in the Captain I and II positions, the County informed Deputy Chief Ryan that it had concluded that the employees in question were properly classified as exempt.  *See* Exhibit M.  In making this response, the County drew on its prior analysis of the job positions, review of the first responder regulation, and knowledge of pay practices in surrounding jurisdictions.  *See* Woodruff Dep. 174:20-175:7; 177:21-178:12; 179:2-22; 179:25-180:12.  When Captain David Hall made a similar inquiry a few months later in

October 2007, the County determined that it did not need to revisit the issue again. *See* Woodruff Dep. 166:12-16; 169:25-170:20.

23.     In October 2013, Battalion Chief Larry Everett filed a grievance challenging his classification as an exempt officer. Woodruff Decl. ¶ 14. Battalion Chief is a higher rank than the ranks of Captain I and II positions. Given that the County had previously determined that the employees in Captain I and II positions were properly classified as exempt, it concluded that it did not need to conduct a separate analysis of the next higher ranked Battalion Chief position, which supervises both Captain I and II positions. *Id.*

24.     In October 2013, before Plaintiffs filed *Thompson v. County of Fairfax, Virginia*, No. 1:13-cv-01362-TSE-TRJ (E.D. Va.) (the predecessor to this lawsuit)[7] on November 1, 2013, Captain John Niemiec, a Plaintiff and President of Local 2068 of the International Association of Firefighters ("IAFF"), called Board Chairman Sharon Bulova to notify her that the *Thompson* lawsuit was about to be filed. *See* Niemiec Dep. 219:22-220:8; 220:11-221:3; 221:9-225:5. At that point, the *Thompson* lawsuit had already been drafted. *Id.* The conversation lasted less than five minutes and did not involve a discussion of the positions at issue in the lawsuit. *Id.* Captain Niemiec did not provide Chairman Bulova with a copy of the lawsuit. *Id.*

25.     Captain Niemiec also called Fairfax County Executive Edward L. Long Jr. at approximately the same time to inform him of the lawsuit. *Id*. 225:6-227:10. That conversation lasted less than one minute and did not include any discussion of the FLSA's applicability to the Captain I and II positions. *Id*.

26.     On approximately November 1 or 2, 2013, Captain Niemiec saw County Supervisor Foust at the opening of a fire station and informed him that Local 2068 was moving

---

[7] Plaintiffs' *Thompson* lawsuit was voluntarily dismissed on November 21, 2013 (Dkt. no. 13).

forward with the intended FLSA lawsuit. *Id*. 227:13-229:1. Again, this conversation lasted less than one minute and did not include any substantive discussion regarding the classification of the Captain I and II positions. *Id*.

27. Woodley & McGillivary, counsel for Plaintiffs in this case, is also counsel to the IAFF and Local 2068. *See* Exhibit N at IAFF 148; Niemiec Dep. 94:16-19; 100:11-18. Woodley & McGillivary wrote a manual for the IAFF addressing FLSA issues which was last revised in 2010. See Ex. N at IAFF 148. At page 19 of the Manual, Woodley & McGillivary assess the state of the law with respect to their contention that the 2004 first responder regulation rendered the fire suppression Captain I and II positions nonexempt and conclude that the judicial climate did not appear favorable to their position. *Id*. at IAFF 157 ("Unfortunately, some courts have interpreted [the first responder regulation] as being essentially meaningless with respect to the executive exemption.").

28. In November 2008, Captain Niemiec attended a Local 2068 meeting that was also attended by counsel from Woodley & McGillivary. *See* Exhibit O; Niemiec Dep. 135:5-18; 136:11-137:9; 139:12-141:10. At that meeting, the attendees concluded that rather than pursuing litigation on behalf of fire protection personnel in the Captain I and II positions, it would be more fruitful to await the results of the Presidential election and lobby the new administration for a regulatory change supporting Local 2068's position that personnel in the Captain I and II positions are non-exempt. *See* Exhibit O; Niemiec Dep. 135:5-138:1.

## III.   ARGUMENT

### A.   Legal Standard

Summary judgment is appropriate if the record shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A material fact is one

"'that might affect the outcome of the suit under the governing law.'" *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (citations omitted). "A disputed fact presents a genuine issue 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

    **B.**    **The County Is Entitled To Summary Judgment On Plaintiffs' Claim Of Willfulness.**

Plaintiffs seek to lengthen the limitations period to three years instead of two years by claiming that the County has acted "willfully." Under Section 255(a) of the FLSA:

> Any action . . . to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938 . . . may be commenced within two years after the cause of action accrued, … except that a cause of action arising out of a ***willful violation*** may be commenced within three years after the cause of action accrued. . . .

29 U.S.C. § 255(a) (emphasis added.)

The test for "willfulness" is whether the employer knew it was violating the statute or acted in "reckless disregard" of whether its conduct violated the statute. *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988) ("the word 'willful' is considered synonymous with such words as 'voluntary,' 'deliberate,' and 'intentional;'" no willful violation unless the employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]").

Willfulness is not presumed just because an employer is found to have violated the FLSA. *See LeMaster v. Alternative Healthcare Solutions, Inc.*, 726 F. Supp. 2d 854, 865 (M.D. Tenn. 2010) (mere fact that employer violated the FLSA insufficient to prove willfulness); *Terwilliger v. Home of Hope, Inc.*, 21 F. Supp. 2d 1305, 1308 (N.D. Okla. 1998) ("[A]n incorrect assumption that a pay plan complies with the FLSA do[es] not meet the criteria for a willful violation of the FLSA.") (cited in *Hantz v. Prospect Mortgage, LLC*, No. 1:13cv1435(JCC/TRJ),

2014 WL 463019, *3 (E.D. Va. Feb. 5, 2014)).  Mere negligence also is insufficient to constitute

willfulness.  *Rains v. East Coast Towing & Storage, LLC*, 820 F. Supp. 2d 743, 750 (E.D. Va.

2011); *Hantz*, 2014 WL 463019, at *3.  Plaintiffs bear the burden of proof on this issue.  *Perez v.

Mountaire Farms, Inc.*, 650 F.3d 350, 375 (4th Cir. 2011).  However, the pertinent evidence

(both the state of the law and the County's efforts to comply with it) is entirely against Plaintiffs

in this case.

> **1.     The County Is Entitled To Summary Judgment On Plaintiffs'
> Willfulness Claim Because There Is No Binding Precedent Supporting
> Plaintiffs' Claim.**

The Fourth Circuit has recognized that the lack of binding authority regarding the

applicability of the FLSA in a particular situation supports the conclusion that an employer has

not acted willfully.  *See Perez*, 650 F.3d at 375 ("Because there was no binding authority directly

addressing the issue of compensation for the donning and doffing of protective gear at the

beginning and the end of work shifts, we hold that the district court did not clearly err in

concluding that [the employer] did not willfully violate the FLSA by failing to compensate its

employees for these activities."); *see also Munston v. MKI Systems, Inc.*, 951 F. Supp. 603, 611

(E.D. Va. 1997) (violation not willful where Fourth Circuit law was unclear, regardless of

whether employer's belief regarding compliance was ultimately incorrect), *vacated on other

grounds*, 121 F.3d 699 (4th Cir. 1997).

Any other rule would be manifestly unfair.  Absent binding precedent (or being directly

informed by the agency enforcing the law that the employer is in violation, which has not

occurred here), an employer cannot have actual knowledge that its pay practices violate the

FLSA.  It would be similarly unfair to allow a finding of "reckless disregard" of the law if the

law were unclear.  After all, how can an employer recklessly disregard something that is not

well-settled?  Thus, this Court has recognized that willfulness requires evidence that the

employer knew it was violating the FLSA or took action demonstrating that it should have known that its practices were not compliant. *See Hantz*, 2014 WL 463019, at * 3 ("Courts have found employers willfully violated FLSA where they ignored specific warnings that they were out of compliance, destroyed or withheld records to block investigations into their employment practices, or split employees' hours between two companies' books to conceal their overtime work.") (citing *Herman v. Palo Grp. Foster Home, Inc*., 183 F.3d 468, 474 (6th Cir. 1999) (employer acted willfully where it had been investigated twice, paid unpaid overtime wages, and assured DOL that he would comply in the future); *Martin v. Deiriggi*, 985 F.2d 129, 136 (4th Cir. 1992) (employer destroyed and withheld records during DOL investigation); *Cubias v. Casa Furniture & Bedding, LLC*, No. 1:06cv386 (JCC), 2007 WL 150973, at *3 (E.D. Va. Jan. 16, 2007) (plaintiffs entitled to three-year limitations period where facts demonstrated employers had split recorded working hours between two companies to avoid paying overtime)).

Here, there is no authority from the Fourth Circuit finding that fire protection personnel in positions equivalent to the County's shift and station commander Captain I and II positions do not qualify for the executive exemption or that the equivalents to the Safety Officer Captain I and EMS Captain II positions do not qualify for the administrative exemption. Nor do the facts show that the County has engaged in behavior suggesting that it was aware that its pay practices might not be compliant.

Indeed, Fourth Circuit precedent ***supports*** the County's position with respect to the shift and station commander Captains I and II, as the Fourth Circuit affirmed this Court's finding that fire shift commanders in Arlington County (equivalent to the Captain I position in Fairfax County) are exempt from FLSA overtime requirements under the executive exemption. In *Hartman v. Arlington County, Virginia*, 720 F. Supp. 1227 (E.D. Va. 1989), this Court granted

summary judgment to Arlington County, finding that the shift commanders' primary duty was managing their shift and that they customarily and regularly directed the work of two or more other employees. With respect to the primary duty criterion, this Court noted that while shift commanders performed a variety of nonexempt tasks each shift, such as cleaning the station house, their supervisory responsibility for their crew's operational readiness overrode the time spent on menial activities. *Id.* at 1229. In affirming summary judgment for Arlington County, the Fourth Circuit noted that several lower courts had been asked to apply the FLSA overtime provisions to Virginia fire captains and that each such case had held that fire captains were exempt, including fire captains in the neighboring jurisdiction of Alexandria, Virginia. *See Hartman v. Arlington County, Va.*, 903 F.2d 290, 291-92 (4th Cir. 1990) (citing, *inter alia*, *Int'l Ass'n of Fire Fighters, Alexandria Local 2141 v. City of Alexandria, Va.*, 720 F. Supp. 1230 (E.D. Va. 1989)).

The County anticipates that Plaintiffs will urge this Court to ignore the Fourth Circuit's precedent in *Hartman* because it pre-dates the "first responder regulation" promulgated in 2004, 29 C.F.R. § 541.3(b).[8] But the Fourth Circuit has not interpreted the first responder regulation as applied to fire captains, and it would be imprudent to speculate that it would reach a different conclusion than the conclusion it reached in *Hartman*. To the contrary, the first responder

---

[8] The first responder regulation provides that employees engaged in traditional police and fire protection occupations where their primary duty is to investigate crimes or fight fires do not qualify for the executive or administrative exemptions "merely because the police officer or fire fighter also directs the work of other employees in the conduct of an investigation or fighting a fire." 29 C.F.R. § 541.3(b)(2). The regulation does not mean that any and all fire protection personnel who participate at the scene of an incident are categorically excluded from the executive or administrative exemption. Rather, as the preamble to the announcement of the regulation in the Federal Register makes clear, the regulation was intended to preclude application of the exemptions to personnel whose main exercise of supervision and management duties occurs at the fire scene, ***not*** those personnel who ***also supervise or manage a*** department***, station, or shift while not at an incident scene.*** *See* 69 Fed. Reg. 22122-01, 22130 (Apr. 23, 2004).

regulation did not categorically remove from exempt status all fire protection personnel who respond to emergency calls. Rather, the regulation clarified that supervising other fire protection personnel at an emergency scene is not sufficient by itself to support the executive exemption. In other words, if the **only** supervision performed by fire protection or emergency personnel occurs at the emergency scene, the executive exemption does not apply. The County's Director of Human Resources and Rule 30(b)(6) deponent Susan Woodruff likewise testified that the County looked at the first responder regulation soon after it was promulgated and determined that it did not require the County to revisit the exempt classification for Captains I and II. *See* SUF ¶ 17. *Hartman* did not focus solely on the fire captains' role at fire scenes, but discussed as well the captains' responsibilities at the fire station for ensuring operational readiness. *See* *Hartman*, 720 F. Supp. at 1229. Thus, the rationale underpinning this Court's decision and the Fourth Circuit's affirmance remains as vital today as it was before the first responder regulation.

> **2.** **Case Law From Other Jurisdictions Does Not Support Plaintiffs' Position Regarding Misclassification.**

Plaintiffs' willfulness claim rests entirely on two non-binding court decisions, one of which is factually inapposite and the other of which is legally infirm. In *Mullins v. City of New York*, 653 F.3d 104 (2d Cir. 2011), the Second Circuit applied the first responder regulation and concluded that **police sergeants** were not exempt from the FLSA because they spent the majority of their shift on patrol performing the same basic law enforcement functions as their subordinates. As Human Resources Director Woodruff testified, the County became aware of the *Mullins* decision because Human Resources monitors FLSA case law. Because prior to the *Mullins* decision the County already classified its police sergeants as nonexempt, the County concluded that its policies and practices were consistent with *Mullins*. There was no need to adjust the classification of FRD Captains I and II because their duties and responsibilities differ

materially from those of police sergeants. While police sergeants spend the majority of their shift on patrol with their subordinates (*i.e.*, in the field), FRD Captains I and II spend the vast majority of their shifts not on incident calls but rather in the fire station, where the station and shift commander Captains are in charge of supervising their subordinates and ensuring operational readiness. Further, DOL's amicus curiae brief in *Mullins* actually **confirms** the County's position that the Captains' primary duty at the fire station of ensuring operational readiness is the type of management function that supports the executive exemption. *See* attached Exhibit P.

The other case on which Plaintiffs rely, *Barrows v. City of Chattanooga*, 944 F. Supp. 2d 596 (E.D. Tenn. 2013), likewise does not support Plaintiffs' claim of willfulness. As an initial matter, *Barrows* was not decided until May 2013, just six months before Plaintiffs filed their lawsuit. The County can hardly be charged with knowledge of this sliver of what Plaintiffs argue is adverse case law **before** it was decided. Moreover, *Barrows* was a single-plaintiff case involving one fire captain. How his duties and responsibilities compared to those of his fellow captains was not adjudicated, so the decision has limited utility, if any, in illuminating more than his individual experience. Further, in *Barrows*, the plaintiffs' annual salary was far less than $100,000, thus, unlike here, the shortened exemption test for highly-compensated employees did not apply.[9] 29 C.F.R. § 541.601; s*ee Barrows*, 944 F. Supp. 2d at 598. *Barrows* is the only case addressing fire protection personnel and the first responder regulation that Plaintiffs have identified as putting the County on notice of the alleged unlawfulness of its pay practices, and it is feeble support at best for Plaintiffs' position.

---

[9] The shortened test for highly-compensated employees is discussed more fully in the County's Memorandum in support of its Motion for Summary Judgment on Liability Issues.

Significantly, other courts have reached a different conclusion than *Barrows* regarding the exempt status of fire protection officers. In *Watkins v. City of Montgomery*, the court entered judgment on a jury verdict in favor of the city of Montgomery, Alabama, in an FLSA collective action brought by fire lieutenants. *See* No. 2:11-cv-0158-MEF, 2013 WL 1345881 (M.D. Ala. Mar. 19, 2013) (entering judgment on verdict). The jury specifically found that the fire lieutenants' primary duty was management. *See id*. Likewise, in *Benavides v. City of Austin*, No. A-11-CV-438-LY, 2013 WL 3197636 (W.D. Tex. June 20, 2013), the court entered judgment for the city of Austin, Texas, after a jury trial involving an FLSA claim brought by Emergency Medical Services field commanders.[10] Finding the field commanders exempt, the court correctly explained that the first responder regulation merely clarifies that directing employees at an incident scene concurrent with front-line response is not alone sufficient to justify an exemption. *See id*. at *9. It also distinguished *Mullins* factually. *See id*. at *10. ("The [*Mullins* plaintiffs] exempt work consisted almost exclusively of supervision of lower-ranking officers while concurrently performing such duties. The evidence here demonstrates that Field Commanders do significant management and administrative work separate and apart from the supervisory work they may do during the approximately four to six calls to which they respond each shift.") (Internal citations omitted).

In sum, the most charitable thing that can be said about the case law is that it is mixed. But the Fourth Circuit has not adopted Plaintiffs' expansive interpretation of the reach of the Act into the upper ranks of a public safety organization. Even if this Court were to be the first to do so, that result would hardly justify an even bigger leap to a conclusion that the County's failure to anticipate the extension of the Act's coverage constituted a willful violation. Instead, the

---

[10] The jury answered a series of interrogatories, leaving the court to make the final determination regarding liability.

inconsistent results of the two non-precedential cases cited by Plaintiffs underscore the reasonableness of the County's position, regardless of the ultimate outcome of Plaintiffs' claims. Because the County's policies are manifestly reasonable, the County cannot be found to have been acting with the "reckless disregard" of the law required to demonstrate willfulness. *See Epps v. Arise Scaffolding & Equip., Inc.*, No. 2:10cv189, 2011 WL 1566004, at *9 (E.D. Va. Feb. 17, 2011) (employer's actions not willful where case law on travel time issue was divided and evidence supported conclusion that employer believed it was complying with the law).

### 3.    The Undisputed Facts Undermine Plaintiffs' Willfulness Claim.

While Plaintiffs have tried to paint a picture of the County as stubbornly implacable in classifying the Captain positions as exempt, the undisputed facts demonstrate the County's diligence and reveal that even Plaintiffs' counsel has recognized the weakness of their legal position.   Notably, this is not the first time that FRD officers have sued the County. Commencing in 1989, fire lieutenants in the *Thomas* litigation, who were represented by the same counsel as Plaintiffs in this case, prosecuted a series of four FLSA actions in this Court arguing that they should be deemed nonexempt.  *See* SUF ¶ 6.   The *Thomas* litigation was resolved in 1994 with the entry of Court Orders in the *Ivins, Belk, and Baker* cases in which the plaintiffs admitted that the Captain I position (then called lieutenant) was in fact a "management" position and therefore properly classified as exempt from FLSA overtime requirements.  *See* SUF ¶ 13.   Then in 2003, the existing lieutenant position was re-titled "Captain I" and the existing Captain position was re-titled "Captain II."   *See* SUF ¶ 4.   While the position titles changed, Plaintiffs concede that the job descriptions and responsibilities did not, meaning that after the re-titling a Captain I performed the same duties and responsibilities that were performed by lieutenants in the *Thomas* litigation.   In other words, employees holding the Captain I position (and, by implication as well as by the actual chain of command in the FRD, the higher position

18

of Captain II) perform the same job duties deemed to be exempt management work by the *Ivins, Belk, and Baker* Orders, making it entirely reasonable for the County to believe that the Captain I and II positions remain exempt from FLSA overtime requirements.[11]

Employee inquiries about their exempt status must be evaluated against this factual backdrop. Plaintiffs point to a June 2007 letter from Deputy Chief Charles Ryan, President of the Professional Fire and Rescue Officers Association, to Board Supervisor Gerry Hyland, in which Ryan raised the issue whether the 2004 first responder regulation changed the exempt status of employees in the Captain I and II positions. In its response, the County affirmed its position that such personnel were properly classified as exempt. SUF ¶ 22. As Human Resources Director Woodruff explained, around this time the County surveyed neighboring jurisdictions to assess how they classified their fire protection personnel. The survey revealed that Arlington and Prince William Counties, the City of Alexandria, and Montgomery County, Maryland (where employees are able to bargain collectively) classified personnel at the equivalent position of Captain I or higher as exempt, confirming the County's understanding that the first responder regulation did not change its classification analysis for the Captain I and II positions.[12] SUF ¶ 19. While some other jurisdictions in Maryland and the District of Columbia classify their equivalent captain positions as nonexempt, they are not analogous to the County because they use the collective bargaining process to negotiate pay issues, which jurisdictions in

---

[11] The County routinely revisits the class specifications for the Captain I and II positions. to determine if they need to be revised to conform to the actual job expectations and responsibilities, but the class specifications have not warranted material revision in many years. *See* SUF ¶¶ 5, 7, 16.

[12] As noted above, both Arlington County and the City of Alexandria were defendants in cases before this Court upholding their exempt classification of fire protection personnel at the Captain level, further supporting the County's assessment that its classification decisions were compliant with FLSA requirements.

Virginia do not.  SUF ¶ 20.  In addition, the County stays abreast of the pay practices in neighboring jurisdictions to ensure that it remains competitive.  SUF ¶ 21.  Such regular monitoring and reassessment is the antithesis of the "reckless disregard" for the law required for Plaintiffs to prove willfulness.

The second inquiry that Plaintiffs identify in their Second Amended Complaint was by Captain David Hall in October 2007, raising the same question as Deputy Chief Ryan.  Given that the County had just responded to Deputy Chief Ryan's inquiry a few months earlier, Captain Hall's inquiry did not warrant a new analysis as nothing had changed.  SUF ¶ 22.  Likewise, the grievance filed by Battalion Chief Everett in 2013, asserting that employees at his very senior level should be deemed non-exempt, does not support a finding of willfulness.  The Battalion Chief position is senior to and supervises the Captain I and II positions.  Having determined in 2007 that Captains I and II were properly classified, and with no material changes in the legal climate over the intervening six years, the County had no reason to believe Battalion Chief Everett's grievance regarding a higher ranked position had merit.  *See* SUF ¶ 23.

Moreover, the Court has recognized that declining to change pay practices after employee inquiries or complaints does not constitute willfulness.  *See Munston*, 951 F. Supp. at 611 (employee complaints establish nothing more than that employer knew FLSA applied and was incorrect in believing its practices were compliant, which does not equal willfulness).  Moreover, as demonstrated above, Plaintiffs cannot cite any binding precedent that supports their position.  While the case law taken as a whole may be mixed, on balance it actually supports the County's position.  Consequently, the inquiries cited by Plaintiffs are not relevant in assessing whether the County recklessly disregarded its legal obligations.

Plaintiffs also point to "conversations" that IAFF Local 2068 President John Niemiec had

with Fairfax County Executive Ed Long and Board Chairman Sharon Bulova about the lawsuit. But Captain Niemiec admitted that these conversations occurred right before Plaintiffs filed suit and were brief telephone conversations lasting less than one minute and five minutes, respectively. *See* SUF ¶¶ 24-25. He also conceded that he merely informed Mr. Long and Ms. Bulova that Local 2068 (which represents the majority of Plaintiffs) intended to file suit and did not discuss the bases for Plaintiffs' claims. *See id*. If substantive employee complaints or inquiries are not sufficient to prove reckless disregard of FLSA requirements, surely the mere act of informing an employer on the eve of filing suit cannot support a finding of willfulness. *See also Munston*, 951 F. Supp. 2d at 611 (that an employer opposes lawsuit not a sufficient basis for proving willfulness in same lawsuit). In sum, none of the facts on which Plaintiffs rely comes anywhere close to proving a willful violation by the County.

### 4.    Plaintiffs Cannot Prove Their Willfulness Claim With Respect To The EMS Captain II And Safety Officer Captain I Positions.

Plaintiffs may argue that the *Thomas* litigation and resulting Orders of this Court, *Hartman* and similar cases in this Court addressing fire protection personnel, and the *Watkins* verdict and judgment all involved fire suppression personnel claiming the executive exemption and thus are not relevant to whether the Safety Officer Captain I and EMS Captain II positions are properly classified as exempt pursuant to the administrative exemption. Nonetheless, Plaintiffs cannot point to any binding precedent holding such positions in a fire department, or their equivalent, to be exempt. Nor is there any non-precedential case law directly on point. To the contrary, the *Benavides* case actually supports the County's position with respect to EMS Captain IIs, as that case found EMS field supervisors to perform administratively exempt work. Further, as noted above, Plaintiffs have not identified any action by the County demonstrating that the County knew or must have suspected that its pay practices regarding the Safety Officer

(Captain I) and EMS Supervisor (Captain II) positions violated the FLSA, as employee inquiries or complaints are insufficient to prove willfulness, and, in any event, the inquiries related to Shift Commander (Captain I) and Station Commander (Captain II) positions.

C.    **The County Is Entitled To Summary Judgment On Its FLSA Section 260 Good Faith Defense To Liquidated Damages.**

Plaintiffs seek liquidated damages under 29 U.S.C. § 260 for the claimed FLSA violations. Even if it were determined that the County violated the FLSA, the undisputed facts show that any violation was entirely in good faith, and based upon a reasonable belief that the County's classification of the Captain I and II positions as exempt did not violate the law. 29 U.S.C. § 260 provides that:

> [I]f the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act . . . the court may, in its sound discretion, award no liquidated damages. . . .

Section 260 has both subjective and objective components. To prevail, the County must establish that "the failure to obey the [FLSA] was both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon [it] more than a compensatory verdict." *Mayhew v. Wells*, 125 F.3d 216, 220 (4th Cir. 1997) (internal quotations omitted). The conclusion that a plaintiff has not proved willfulness supports the finding that the employer's behavior was objectively reasonable where there is evidence in the record probative of good faith. *See Perez*, 650 F.3d at 375-76 ("[W]e credit the district court's finding that [the employer's] acts were not 'willful' as evidence of [the employer's] good faith."); *Mayhew*, 125 F.3d at 221 n.4; *Epps v. Arise Scaffolding & Equip., Inc.*, No. 2:10cv189, 2011 WL 1566001, at *3 (E.D. Va. Apr. 22, 2011).

With respect to the subjective prong of the defense, Ms. Woodruff's Rule 30(b)(6) testimony establishes that the County (i) believed that it properly classified the positions at issue

as exempt when the FLSA's requirements were first held to apply to local governments; (ii) confirmed this belief with respect to personnel working in the equivalent position of fire suppression Captains I and II through the *Ivins, Belk, and Baker* Orders; (iii) reviewed the first responder regulation when it was promulgated and determined that it did not apply to the positions at issue because Captains I and II perform exempt duties even when not at an incident scene; (iv) stays informed about major developments in FLSA law that are potentially relevant to the County; (v) reviewed the *Mullins* decision and determined that it did not apply beyond the scope of police department personnel who were already compensated by the County as in *Mullins*; (vi) stays informed about the pay practices of neighboring jurisdictions; and (vii) performed a survey in 2007 confirming that the County's classification of the Captain I and II positions was consistent with the practices at four large neighboring jurisdictions in Virginia and Maryland. *See generally* SUF ¶¶ 1-21. Thus, the record is replete with evidence showing that the County has diligently monitored its compliance with FLSA requirements. In contrast, there is no evidence suggesting that the County ignored the FLSA, doubted its compliance, or behaved in a manner indicating that it suspected its pay practices were unlawful.

With respect to the objective prong of the Section 260 good faith defense, the same facts that prove that the County did not willfully violate the Act, also support the conclusion that the County's classification of the Captain I and II positions as exempt was reasonable given relevant case law. In addition, the undisputed facts show that Plaintiffs themselves, as well as their counsel, recognized the unsettled nature of the law with respect to their claims. Plaintiff and President of IAFF Local 2068 John Niemiec testified that at a union meeting in November 2008 attended by counsel from the Woodley & McGillivary law firm (Plaintiffs' counsel), the attendees concluded that litigation over classification of the Captain I and II positions might not

be a successful avenue for achieving a change in classification and decided instead to wait until a change in the Presidential administration to press for regulatory changes. *See* SUF ¶ 28.[13] Likewise, in a manual prepared by Woodley & McGillivary for the IAFF and last revised in 2010, Plaintiffs' counsel opined that the judicial climate did not appear to be receptive to the contention that the first responder regulation rendered officer positions exempt from FLSA overtime requirements. SUF ¶ 27. Thus, as recently as 2010, Plaintiffs' own counsel candidly recognized that their legal position was tenuous at best, and certainly not as obviously correct as they now so emphatically assert. As discussed above, case law since 2010 does not come close to uniformly supporting Plaintiffs' position, and, in fact, some decisions strongly support the County's pay practices. Given that even as biased a source as Plaintiffs' own counsel have acknowledged the dubious nature of their claims, the County's position cannot credibly be said to be unreasonable. Consequently, the Court should exercise its discretion and grant summary judgment to the County on its Section 260 good faith defense to liquidated damages.

## IV.    CONCLUSION

Even if Plaintiffs prevail on their FLSA claims, they are not entitled to a three-year limitations period because they cannot prove that the County acted willfully in adopting its pay practices. There is no binding authority supporting Plaintiffs' claims, and Plaintiffs cannot point to any evidence that the County acted in reckless disregard of its legal obligations. To the contrary, the undisputed facts show the County's diligence over the years in ensuring compliance with FLSA requirements. These same facts show that the County has acted with subjective good faith, and that its practices are eminently reasonable given the state of the law, as even Plaintiffs'

---

[13]    That Woodley & McGillivary was also counsel for the *Mullins* plaintiffs and has continuously served as general counsel to the IAFF and the Union in the years that passed between that decision in 2011 and this suit only further underscores the reasonableness of the County's determination that *Mullins* was inapposite.

counsel has recognized. Accordingly, the County's Motion for Summary Judgment on Plaintiffs' Claim of Willfulness and the Section 260 Good Faith Defense to Liquidated Damages should be granted.

Respectfully submitted,

COUNTY OF FAIRFAX, VIRGINIA

By:_____/s/_____
Sona Rewari (VSB No. 47327)
HUNTON & WILLIAMS LLP
1751 Pinnacle Drive ,Suite 1700
McLean, Virginia 22102
(703) 714-7512
(703) 918-4018 (facsimile)
srewari@hunton.com

Lewis F. Powell III (VSB No. 18266)          Cynthia L. Tianti, Deputy County Attorney
HUNTON & WILLIAMS LLP                        (VSB No. 21962)
Riverfront Plaza, East Tower                 Ann G. Killalea, Assistant County Attorney
951 East Byrd Street                         (VSB No. 23913)
Richmond, Virginia 23219                     David Klass, Assistant County Attorney
Telephone: 804-788-8488                      (VSB No. 78697)
lpowell@hunton.com                           12000 Government Center Parkway, Suite 549
                                             Fairfax, Virginia 22035
Evangeline C. Paschal (*pro hac vice*)       (703) 324-2421
HUNTON & WILLIAMS LLP                        (703) 324-2665 (facsimile)
2200 Pennsylvania Avenue, N.W.               cynthia.tianti@fairfaxcounty.gov
Washington, D.C. 20037                       ann.killalea@fairfaxcounty.gov
(202) 419-2174                               david.klass@fairfaxcounty.gov
(202) 778-7433 (facsimile)
epaschal@hunton.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of August, 2014, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF system, which will send a notification of such filing

(NEF) to all counsel of record.

_____/s/_____
Sona Rewari (VSB No. 47327)
HUNTON & WILLIAMS LLP
1751 Pinnacle Drive
Suite 1700
McLean, Virginia 22102
(703) 714-7512
(703) 918-4018 (facsimile)
srewari@hunton.com
