UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| GERARD MORRISON, et al., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>COUNTY OF FAIRFAX, VA., )<br>)<br>Defendant. )<br>)<br>) | Civil Action No. 1:14cv5<br><br>Judge Hilton<br>Magistrate Judge Anderson |

## MEMORANDUM IN SUPPORT OF JOINT
## MOTION TO APPROVE SETTLEMENT AGREEMENT

Upon approval by the Fairfax County Board of Supervisors ("Board of Supervisors"), the Plaintiffs and the Defendant, County of Fairfax, Virginia ("the County"), will have reached an agreement to settle all of the Plaintiffs' claims. The proposed settlement will resolve all claims in the lawsuit, which alleged that the County failed to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). Further, the settlement will resolve all state law claims that Plaintiffs could have brought pursuant to Va. Code §§ 9.1-701 *et seq.*, entitled "Overtime Compensation for Law-Enforcement Employees and Firefighters, Emergency Medical Technicians, and Other Fire Protection Employees" (hereinafter "the Virginia Overtime Act"), either through amendment to this lawsuit or by separate action in state court. As explained below, this settlement will resolve all the claims in the lawsuit and all wage and hour claims that could have been asserted in the lawsuit, and satisfies the criteria for approval of an FLSA settlement.

Provided that no Plaintiff submits a valid objection to the proposed settlement, which is accepted by the Court at the Fairness Hearing scheduled for December 2, 2016, and further provided that the Board of Supervisors then approves the proposed settlement at its December 6, 2016, meeting, Plaintiffs and the County will request the Court to enter an order: (1) approving the Settlement Agreement, which is incorporated herein by reference, as fair, reasonable, and just in all respects as to the Plaintiffs, and ordering the Parties to perform the Settlement Agreement in accordance with its terms; (2) reserving jurisdiction with respect to this Action for the purpose of enforcing the Settlement Agreement; and (3) dismissing Plaintiffs' claims with prejudice upon final Court approval of the Settlement Agreement.

The Settlement Agreement is attached as Exhibit 1 and the declaration of Plaintiffs' counsel, Molly A. Elkin, is attached hereto as Exhibit 2.

## I.      Claims Asserted in this Case and Procedural History

The Plaintiffs are or were Captains employed by Fairfax County's Fire and Rescue Department ("County" or "Defendant").  Plaintiffs alleged that Defendant failed to pay time-and-a-half overtime pay to the Captains for hours worked in excess of the statutory maximum. The County asserted that the Captains were exempt from the FLSA as executives or administrators.

Following discovery, the parties cross-moved for summary judgment on liability and on "state-of-mind" issues related to the County's efforts to comply with the law.

On October 31, 2014, the district court granted the County's motion for summary judgment, concluding that the Captains were exempt pursuant to the executive exemption to the FLSA.  Given the Court's decision on liability, it did not decide the state-of-mind issues (i.e., whether the County showed good faith and reasonableness defeating an award of liquidated damages, and whether Plaintiffs established that the County willfully violated the law, thereby

extending the statute of limitations from two years to three years) concluding, instead, that those issues were moot.

Plaintiffs appealed. On June 21, 2016, following briefing and oral argument, the United States Court of Appeals for the Fourth Circuit reversed, directing the lower court to enter summary judgment on liability in favor of the Captains. The Court of Appeals considered the Department of Labor's "First Responder Regulation" and concluded that under that regulation "no reasonable jury could find by the requisite clear and convincing evidence that any of the Captains is exempt from the FLSA's overtime requirement." *Morrison v. County of Fairfax, VA*, 826 F.3d 758, 761 (4th Cir. 2016).

The County filed a petition for rehearing and for rehearing *en banc*. On July 18, 2016, the petition was denied. The Fourth Circuit entered its mandate on July 27, 2016. Rather than have the district court decide the pending cross motions for summary judgment on the two remaining state-of-mind issues: entitlement to liquidated damages, and the length of the statute of limitations (DE 107 (Plaintiffs' Motion) and DE 109 (Defendant's Motion)), the parties agreed to enter mediation.

The parties exchanged an offer and counter-offer prior to the scheduled mediation and submitted confidential mediation statements to the Honorable John F. Anderson, who presided over the mediation. On November 15, 2016, the parties' counsel met face-to-face with authorized representatives serving on each settlement team who had the ability to negotiate on behalf of their respective parties and to recommend a settlement agreement to the County Board of Supervisors and to the absent Plaintiffs. Exh. 2 Elkin Dec. ¶¶ 29, 30. Following a mediation session that lasted in excess of eight hours, the parties reached an agreement in principle (the "Settlement"). *Id*.

On November 16, 2016, the Plaintiffs filed a Notice of Fairness Hearing. That same day, the Court set the Fairness Hearing for December 2, 2016 in Courtroom 501. On November 17, 2016, Plaintiffs' counsel sent each Plaintiff a letter informing that Plaintiff of the terms of the Settlement and the risks and delay associated with continued litigation. The November 17, 2016, letter also provided the Plaintiffs with information about: (1) what the Plaintiffs are relinquishing by agreeing to the Settlement; (2) the specific amounts each Plaintiff will receive under the Settlement and how and when those amounts will be distributed; (3) accessing Plaintiffs' counsel's website to view each of the other Plaintiffs' recovery under the settlement; and (4) filing objections to the Settlement and the Fairness Hearing. Exh. 2, Elkin Dec. ¶ 30. Plaintiffs are required to submit written objections to the Court and to Plaintiffs' counsel by 5:00 p.m. on December 1, 2016. Exh. 2, Elkin Decl. ¶ 31. To date, not a single Plaintiff has submitted an objection to the Settlement. *Id*.

## II. Terms of the Proposed Settlement

Counsel for the parties have since reduced the terms of the proposed Settlement to writing (the "Settlement Agreement"). Under the Settlement Agreement, the County will pay a total of $7,850,000.00 to resolve the Plaintiffs' FLSA claims allegedly accruing for the period from January 3, 2011 through September 17, 2016, which is the date that the County reclassified the four Captain positions at issue in this case from FLSA exempt to non-exempt, and Plaintiffs' potential state-law claims ("the Settlement Amount"). Exhibit 1, Settlement Agreement ¶ 2.1. The Settlement Amount will be divided and distributed to Plaintiffs as follows: (1) one check payable to Plaintiffs' counsel, Woodley & McGillivary LLP for statutory attorneys' fees and expenses in the amount of $1,400,000.00; (2) one check payable to Plaintiffs' counsel, Woodley & McGillivary LLP, in the amount of $3,225,000.00, as liquidated damages for distribution to

the Plaintiffs; and (3) a set of payroll checks made payable to each Plaintiff, based on the gross back pay amounts set forth in Exhibit A to the Settlement Agreement less all applicable deductions and withholdings for that individual Plaintiff, constituting his or her share of the back pay award in the total amount of $3,225,000.00 ("the Back Pay Amount").  *Id.*  These amounts are agreed to among the Parties to compromise, settle and satisfy the Released Claims described in paragraph 3.1 of the Settlement Agreement, liquidated damages related to the Released Claims, and all attorneys' fees and expenses related to the Released Claims.

For purposes of computing the gross amount of back pay and liquidated damages for each Plaintiff, Plaintiffs relied on Dr. Lanier's September 27, 2016, Expert Report on damages. The calculation methodology used in the Expert Report computes an additional half-time pay (i.e., half the Plaintiff's regular rate of pay) for each hour of overtime worked above the 212-hour threshold in a 28-day work cycle for each Plaintiff, including hours spent in a paid leave status. The computations are based on actual payroll records produced by the County for the entire recovery period through July 8, 2016, and then are projected from July 9, 2016 through September 16, 2016.  For purposes of the settlement computations and distributions, each Plaintiff's recovery period begins, at the earliest, on January 3, 2011 and ends, at the latest, on September 16, 2016, which is the last day that the Plaintiffs were treated by the County as exempt from the FLSA.  Based on the Expert's Report, the total amount of back pay for this period for all Plaintiffs, inclusive of projections, is $5,794,320.00. The excess settlement monies obtained for the Plaintiffs (i.e., the $655,680.00) are treated as liquidated damages and equal approximately 11% of the back pay. Because Defendant has a different view regarding the length of the recovery period, Plaintiffs' entitlement to liquidated damages, and the viability of Plaintiffs' State Law claims, the total amount of back pay and liquidated damages recovered

under the Settlement will be divided in half, with 50% comprising liquidated damages, and 50% comprising back pay. Plaintiffs and their counsel were solely responsible for determining the allocations among Plaintiffs and determining the distribution of funds. Exh. 1, ¶ 2.5.

In consideration of the payments provided, Plaintiffs will release all of their federal and state wage and hour claims against the County up through September 17, 2016. The release and the covenant not to sue are set forth in ¶¶ 3.1, 3.2 and 3.3 of the Settlement Agreement.

As explained further in Section V below, assuming that no Plaintiff files a valid written objection prior to or at the December 2, 2016, Fairness Hearing, and that the County Board of Supervisors approves the Settlement Agreement at its December 6, 2016 meeting, the parties will file a supplemental memorandum on or about December 7, 2016, notifying the Court that the parties have executed the Settlement Agreement and waiving a further hearing, along with a Proposed Order granting final approval of the Settlement Agreement. The Settlement Amount will be paid within 30 days of the date that the Court enters an Order approving the Settlement Agreement. Exh. 1, ¶ 2.2. The Settlement Agreement also provides that all of Plaintiffs' claims shall be dismissed with prejudice upon Court approval of the Settlement Agreement.

### III. Applicable Factors for Approving FLSA Settlements

A settlement in an FLSA lawsuit is not effective unless it is approved by either a district court or the United States Department of Labor. *Lomascolo v. Parsons Brinckerhoff, Inc.*, 2009 U.S. Dist. LEXIS 89136, at *8 (E.D. Va. Sept. 29, 2009) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1353 (11th Cir. 1982)). FLSA settlements in this Circuit will be approved when the court determines that the settlement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* In evaluating the fairness of settlements under the FLSA, this court has relied on six factors: (1) the extent of discovery that has taken place; (2) the

state of the proceedings, including the complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the Plaintiffs; (5) the probability of Plaintiffs' success on the merits; and (6) the amount of the settlement in relation to the potential recovery. *Devine v. City of Hampton, VA* 2015 U.S. Dist. LEXIS 177155 at *38 (E.D. Va. 2015) (citing *Patel v. Barot,* 15 F. Supp. 3d 648, 656 (E.D. Va. 2014)). Based on an analysis of these factors, as discussed below, the settlement is fair and reasonable and the parties request that it be approved.

### IV. Application of the FLSA Factors to the Proposed Settlement

As discussed below, the parties believe that the proposed settlement terms in this case are fair and reasonable to the Plaintiffs and to the Defendant. The settlement represents a good faith compromise of the parties' *bona fide* dispute regarding the amount of back pay and other relief to which the Plaintiffs are entitled based on the Fourth Circuit's conclusion that the Captains are entitled to the overtime protections of the FLSA. This compromise was reached after arms-length negotiations between the parties with the assistance of a third-party mediator, the Honorable John F. Anderson, who also presided as the Magistrate Judge in the action and is familiar and knowledgeable of the remaining issues in the case and the complicated and multi-faceted damages claims of the Plaintiffs.

#### A. The Extent of Discovery

Discovery was robust. The Defendant served written discovery on 21 Plaintiffs and took those Plaintiffs' depositions. Defendant produced over 3 million pages of documents in response to Plaintiffs' discovery requests. Plaintiffs took the depositions of two expert witnesses and five FRCP 30(b)(6) witnesses. Given that discovery has been complete for some time, this factor weighs in favor of settlement approval.

### B. The State of the Proceedings Including the Complexity and Expense of Further Proceedings.

Liability has been established, the Captain positions have been reclassified as FLSA non-exempt, and they are currently eligible to earn overtime pay. Accordingly, absent settlement, the Court would have to decide the following issues that affect the calculation of damages: (1) whether the Defendant can avoid the imposition of liquidated damages by proving that its actions were in good faith and objectively reasonable (*see* 29 U.S.C. §§ 216(b) and 260); and (2) whether the Plaintiffs can prove that they are entitled to a third year of liability because they have demonstrated that the County's violation was willful. *See* 29 U.S.C. § 255 (extending the statute of limitations for willful FLSA violations from two years to three years). In addition, absent settlement, Plaintiffs intend to pursue wage-and-hour claims under Virginia law, either through an amendment to the Complaint, which Defendant would oppose, or by pursuing such claims in state court. A decision maker thus would also ultimately decide whether the Virginia law requires the Defendant to include all hours in a paid status as hours of work for purposes of computing overtime pay.

Given the pending cross motions for summary judgment on the two state-of-mind issues, and the various arguments on each side supporting each side's position, it is unclear how the Court would decide the issues. Both parties would likely appeal an adverse decision following summary judgment and/or a trial on the remaining state-of-mind issues. It is also unclear how a court would resolve Plaintiffs' potential sate-law claims, and regardless of the outcome, it is likely that appellate review would be sought. Accordingly, the expense of further proceedings is great, as is the complexity of the remaining issues. This factor weighs in favor of settlement approval.

### C. Possibility of Fraud or Collusion

Given the parties' arms-length negotiations, the parties believe that there was no opportunity for and no possibility of fraud or collusion. The parties' counsel represented their clients zealously and obtained what both sides consider to be an appropriate settlement.

### D. Plaintiffs' Counsel's Experience in Wage and Hour Litigation

Plaintiffs' Counsel are locally and nationally known leaders in the field of wage and hour law. (Elkin Decl. ¶¶ 2, 3, 5- 8, 16- 17). The quality of the representation is best demonstrated by the substantial benefit achieved for the Plaintiffs and the effective prosecution and resolution of the litigation under difficult challenges. The substantial recovery obtained for the Plaintiffs is the direct result of the significant efforts of highly skilled and specialized attorneys who possess great experience in the prosecution of complex, multi-plaintiff wage and hour litigation. (*Id.*)

From the outset of the litigation, Plaintiffs' Counsel engaged in a concerted effort to obtain the maximum recovery for the Plaintiffs and committed considerable resources and time in the research, investigation, and prosecution of this case. Through diligent and persistent efforts, Plaintiffs' Counsel were able to obtain an important liability ruling from the United States Court of Appeals for the Fourth Circuit. This substantial victory drove the settlement discussion and resulted in the case settling for $7,850,000.00.

### E. Probability of Plaintiffs' Success on the Merits

While Plaintiffs believe that their legal position is strong, "[w]hatever the relative merits of the parties' legal positions, there is no risk-free, expense-free litigation." *Sheick v. Auto. Component Carrier LLC*, 2010 U.S. Dist. LEXIS 110411, at *50 (E.D. Mich. Oct. 18, 2010). Even though the Court of Appeals decided the liability issue, there remain pending motions that have yet to be decided. The outcome of such motions could result in Plaintiffs obtaining only a

two-year recovery period and no liquidated damages. Alternatively, the outcome could result in the Plaintiffs obtaining a three-year recovery period and full liquidated damages. Significantly, the Court does not currently have jurisdiction of the Plaintiffs' state-law claims, and if it ultimately took jurisdiction, that claim is uncertain.

### 1. State Law Claim

Should Plaintiffs pursue their state-law claims, the County's defense would include that the Virginia Overtime Act does not apply because it is a "gap statute" that requires overtime to be paid when non-exempt fire protection personnel work hours beyond their regular schedule but below the FLSA overtime threshold. Because Plaintiffs' regular schedule exceeds the FLSA threshold, according to the County, the "gap" addressed by the state statute does not occur. Two federal district court opinions have described the Virginia statute in terms that support the County's position. *See Winingear v. City of Norfolk*, 2013 U.S. Dist. LEXIS 150132, *20 (E.D. Va. Oct. 16, 2013); *Rogers v. City of Richmond*, 851 F. Supp. 2d 983, 989 (E.D. Va. 2012).[1] Plaintiffs contend these discussions are *dicta*. Additionally, since the last time this issue was briefed, the Supreme Court of Virginia has had the opportunity to interpret the meaning of the "gap" language in Section 701, in *Bailey v. Loudoun County Sherriff's Office*, 288 Va. 159, 175 (2014). In *Bailey*, the Court explained:

> the Act is designed to solve a problem unaddressed by the FLSA. The FLSA establishes a fixed number of pre-overtime hours that may be paid at a normal rate for any given work period. However, an employer may establish a lower number of hours of work per

---

[1] The court stated the following while conducting its FLSA preemption analysis: "Thus, the Virginia Law deals solely with the 'gap,' if any, between an employee's regular schedule of employment and the 86-hour federal overtime trigger established by § 207(k). Simply put, an employee who works more than his normal hours, but less than the FLSA maximum, is entitled to overtime wages under state, but not federal, law. On the other hand, an officer is afforded only federal overtime pay for hours worked in excess of the FLSA's statutory maximum. In this respect, the two statutes form a complementary scheme." *Id*. at 986-87.

> work period that constitute the basis of the employee's salary or the employee's hourly compensation – that is, those hours which constitute the employee's regularly scheduled work hours. This is "the gap:" the difference between an employee's regularly scheduled work hours and the federal pre-overtime hours limit.

*Id*. at 172. However, according to Plaintiffs, this language (and other language to that effect) in *Bailey* was not necessary for the Court's decision, which concerned the legality of three leave-related policies that would have been decided in the same fashion whether Section 701 of the Virginia statute applied to hours over the FLSA threshold as well. *Id*. at 172-81.

Absent settlement, Plaintiffs would argue, among other things, that the plain language of Section 701 indicates no such limitation as a gap-only statute, as by its terms, it applies to "all hours of work *between* the statutory maximum permitted under 29 U.S.C. § 207(k) and the hours for which an employee receives his salary." Va. Code Ann. § 9.1-701(A) (emphasis added). Plaintiffs would also argue that they may pursue a claim directly for a violation of Section 703 of the statute. There is no apparent precedent for such an action, but Plaintiffs would contend it is supported by the plain language of the code. *See* Va. Code Ann. §§ 9.1-701, -703, -704.

In addition to challenging the applicability of the Virginia Overtime Act, the County would also challenge the length of the applicable statute of limitations and dispute Plaintiffs' claim that the Act was tolled when Plaintiffs submitted their claims to the County Board of Supervisors under Va. Code Ann. § 15.2-1246. The County also would potentially argue that the Virginia Overtime Act as interpreted by Plaintiffs is preempted by the FLSA.

Based on the foregoing, the litigation over the issues related to the state-law claim would have been complex, lengthy, and expensive. Accordingly, a settlement under which Plaintiffs' leave hours are counted as hours of work is an excellent outcome for the Plaintiffs.

## 2. Liquidated Damages

The FLSA provides that "[a]ny employer who violates the provisions of section 206 or section 207 of this title *shall* be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, *and in an additional equal amount as liquidated damages*." 29 U.S.C. §216(b) (emphasis added); *see also Lockwood v. Prince George's County*, 2000 U.S. App. LEXIS 15302 at *17 (4th Cir. June 29, 2000) (upholding a finding that fire investigators were entitled to FLSA overtime and an award of liquidated damages, noting that liquidated damages were "the norm" for FLSA violations).

The only potential defense to an award of liquidated damages is if the "employer shows to the satisfaction of the court that the act or omission giving rise to [the violation of the FLSA] . . . was in good faith *and* that [the employer] had reasonable grounds for believing that [its] act or omission was not a violation of the [FLSA]." 29 U.S.C. §260 (emphasis added). The burden of proving good faith under section 260 of the FLSA is on the employer, and the burden to do so is substantial. *Lockwood*, 2000 U.S. App. LEXIS 15302 at *18 (citing *Mayhew v. Wells*, 125 F.3d 216, 220 (4th Cir. 1997) (the employer bears a "plain and substantial burden")); *see also Arasimowicz v. All Panel Systems*, 948 F. Supp. 2d 211, 226 (D. Conn. 2013) (the employer's burden "is a difficult one") (citations omitted).

While Plaintiffs believe that a full award of liquidated damages is mandatory on the record here, the County would argue the opposite. The County would argue, among other things, that the Fourth Circuit's decision was ground-breaking and that until it was handed-down, the County acted in conformance with earlier decisions in the Circuit, as well as prior settlement agreements addressing the job duties at issue in this case, and that it acted with reasonableness

and subjective good faith in classifying the positions at issue. While Plaintiffs believe that they have the better argument, it is not clear that the Court would agree. If the Court were to decline to award liquidated damages, Plaintiffs would appeal the decision to the Fourth Circuit, which would result in further delay and expense. Accordingly, settlement with some liquidated damages paid on top of the back pay within 30 days of Court Approval is reasonable for Plaintiffs.

### 3. Three-Year Statute of Limitations

The FLSA provides that non-willful violations are subject to a two-year statute of limitations. However, "when the [defendant's] violation is willful, a three-year statute of limitations applies." *Desmond v. PNGI Charles Town Gaming, LLC*, 630 F.3d 351, 357 (4th Cir. 2011) (citing 29 U.S.C. § 255(a)) (internal citations omitted). In 1988, the Supreme Court issued its decision in *McLaughlin v. Richland Shoe Company*, finding that an employer's violation of the FLSA is willful within the meaning of Section 255(a) where it "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." 486 U.S. 128, 133 (1988). A violation is not willful if "an employer acts reasonably in determining its legal obligation." *Id*. at 134. The Fourth Circuit has found that employers act recklessly when they have "notice, actual or constructive[,] of the existence and general requirements of the FLSA." *Chao v. Self Pride, Inc*., 232 Fed. Appx. 280, 287 (4th Cir. 2007).

Plaintiffs believe they could carry their burden of proof of a willful violation based on facts that demonstrate the County was notified on a number of occasions that there was at least a possibility that its practice of classifying the Fire Captains as exempt following the issuance of the 2004 First Responder regulation was unlawful. The County, however, would argue that Plaintiffs cannot prove a willful violation because, among other considerations, the County acted

in conformance with the state of the law and because surrounding jurisdictions treated Captain II equivalents as FLSA exempt, and at least one surrounding jurisdiction did not pay overtime pay to Captain Is. Based on the foregoing dispute, a settlement that pays a full three years of back pay (i.e., back to January 2011) and extends up to the date that the Captains were reclassified as FLSA non-exempt is an excellent outcome for the Plaintiffs.

### F.    The Amount of the Settlement in Relation to the Potential Recovery

The potential recovery if Plaintiffs won full liquidated damages, a three-year recovery period for a willful violation, and prevailed on their Virginia Overtime Act state law claim (exclusive of statutory fees and expenses)[2] is $11,588,640.00. If Plaintiffs were to lose on liquidated damages, the third year, and their argument to count all leave hours as hours of work for the entire recovery period, the recovery would be $2,575,099.00. The range of potential recovery was in flux.

The settlement (exclusive of statutory fees and expenses) is $6,450,000.00. While this is not a complete victory for Plaintiffs, it is more than twice as much as their worst potential outcome. Given the substantial litigation risks going forward for both sides, as well as the delay and expense related to obtaining final decisions on the outstanding issues, the settlement is fair,

---

[2] Under the settlement, Plaintiffs will recover $1,400,000.00 in statutory fees and expenses from the Defendant. As set forth in the Elkin Declaration, Plaintiffs submitted their listing of fees and expenses to Defendant on September 9, 2016, and their summary of fees and expenses to the Magistrate Judge on November 7, 2016. Exh. 2, Elkin Dec. ¶ 11. Through September 9, 2016, the fees equaled $1,367,078.28, and the expenses equaled approximately $88,068.19, for a total of $1,455,146.47. Exh. 2, Elkin Dec. ¶11. The recording of time and services by Woodley & McGillivary LLP was done on a contemporaneous basis, and that information was accurately extracted from the firm's billing records to prepare the summary fee listing that was provided to the Court. Exh. 2, ¶ 13. According to the Elkin Declaration, all of the time and expenses were, in fact, necessarily and reasonably expended on behalf of the Plaintiffs in this case. *Id.* at ¶ 14. *See also, Id.*, ¶¶ 15 -26 (describing the services performed by each attorney working on the case) and ¶ 28 (setting forth the amount of expenses). An award of fees and expenses is mandatory under the FLSA to the prevailing plaintiff. 29 U.S.C. § 216(b).

reasonable and adequate and the result of arms-length bargaining with qualified, experienced counsel representing authorized, knowledgeable settlement teams.   For this reason, too, the settlement should be approved.

## V. Conditions and Timetable for Finalization and Approval

Assuming no Plaintiff files a valid objection to the terms of settlement prior to or at the December 2, 2016, Fairness Hearing, and the Court concludes at the hearing that the terms of the settlement are fair and reasonable, the County's counsel will recommend that the County's Board of Supervisors approve the Settlement Agreement at its December 6, 2016, meeting. If the Board of Supervisors approves the Settlement Agreement, the parties will execute the Settlement Agreement, and will file a supplemental memorandum in support of this Motion, notifying the Court of the same, waiving a further hearing, and requesting that the Court enter an Order granting final approval of the Settlement Agreement and dismissing the Action with prejudice.

## VI. Conclusion

For all of the above reasons, the parties believe that this proposed settlement will successfully provide appropriate overtime compensation for Plaintiffs. Accordingly, the parties respectfully submit that the proposed settlement is fair and reasonable and should be approved by the Court.

Respectfully submitted,

| ALL PLAINTIFFS: | COUNTY OF FAIRFAX, VIRGINIA |
|---|---|
| By: /s/ *Molly A. Elkin* | By: /s/ *Sona Rewari* |
| Molly A. Elkin (Va. Bar No. 40967) | Sona Rewari (VSB No. 47327) |
| Sara L. Faulman | HUNTON & WILLIAMS LLP |
| WOODLEY & McGILLIVARY LLP | 1751 Pinnacle Drive |
| 1101 Vermont Avenue, N.W. | Suite 1700 |
| Suite 1000 | McLean, Virginia 22102 |
| Washington, DC 20005 | (703) 714-7512 |
| Phone: (202) 833-8855 | (703) 918-4018 (facsimile) |
| mae@wmlaborlaw.com | srewari@hunton.com |

*Counsel for Plaintiffs*

Evangeline C. Paschal (pro hac vice)
HUNTON & WILLIAMS LLP
2200 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
(202) 419-2174
(202) 778-7433 (facsimile)
epaschal@hunton.com

Ann G. Killalea, Assistant County Attorney (VSB No. 23913)
12000 Government Center Parkway, Suite 549
Fairfax, Virginia 22035
(703) 324-2421
(703) 324-2665 (facsimile)
ann.killalea@fairfaxcounty.gov

*Counsel for County of Fairfax, Virginia*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 30th day of November, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

                                               /s/ *Molly A. Elkin*
                                    Molly A. Elkin (Va. Bar No. 40967)
                                    WOODLEY & McGILLIVARY LLP
                                    1101 Vermont Avenue, N.W.
                                    Suite 1000
                                    Washington, DC  20005
                                    Phone:  (202) 833-8855
                                    mae@wmlaborlaw.com

                                    *Counsel for Plaintiffs*