# Exhibit 1

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## (Alexandria Division)

| | |
|---|---|
| GERARD MORRISON, et al., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>COUNTY OF FAIRFAX, VA., )<br>)<br>Defendant. )<br>)<br>_____ ) | Civil Action No. 1:14cv5<br><br>Judge Hilton<br>Magistrate Judge Anderson |

## **SETTLEMENT AGREEMENT**

This Settlement Agreement ("Agreement") is made and entered into by and among all the Parties in the captioned case, namely Plaintiffs, each of whom are identified on Exhibit A attached hereto, and who have consented to be party Plaintiffs in the captioned case, and the Defendant, the County of Fairfax, Virginia (the "County"), and is based on the following:

**I.   RECITALS**

1.1   Plaintiffs are 176 individuals employed or formerly employed by the County. On January 3, 2014, they filed a complaint in this Court seeking overtime pay pursuant to the Fair Labor Standards Act ("FLSA") and Virginia State law, Va. Code Ann.§§ 9.1-701 *et seq.* ("State Law Claim"). Thereafter, Plaintiffs withdrew their State Law Claim without prejudice.

1.2   On May 7, 2014, Plaintiffs submitted letters to the County's Board of Supervisors, asserting their State Law Claims. The Board of Supervisors did not act upon Plaintiffs' claims within 90 days of Plaintiffs' letters.

1.3   In the captioned case, Plaintiffs alleged that the County failed to properly pay them overtime compensation under the FLSA, 29 U.S.C. § 201 *et seq.*

1.4     Both parties filed motions for summary judgment on liability and on the issues of willfulness and liquidated damages related to the County's efforts to comply with the FLSA. On October 31, 2014, the Court granted the County's motion for summary judgment on liability, concluding that Plaintiffs were exempt from the FLSA pursuant to the executive exemption. Because it ruled in the County's favor on liability, the Court did not decide the remaining issues.

1.5     Plaintiffs appealed.  On June 21, 2016, the United States Court of Appeals for the Fourth Circuit, reversed, directing the district court to enter summary judgment in favor of the Plaintiffs on liability. *Morrison v. County of Fairfax, VA*, 826 F.3d 758 (4th Cir.  2016).

1.6     By letters dated July 22, 2016, Plaintiffs submitted State Law Claims for overtime compensation to the County's Board of Supervisors.   The Board of Supervisors did not act upon Plaintiffs' claims within 90 days of Plaintiffs' letters.

1.7     Rather than have the district court decide the pending cross motions for summary judgment on the two remaining issues, specifically (a) Plaintiffs' entitlement to liquidated damages, and (b) the length of the statute of limitations (Dkt. 107, Plaintiffs' Motion; Dkt. 109, Defendant's Motion), the Parties agreed to enter mediation.

1.8     The Parties participated in mediation with the assistance of U.S. Magistrate Judge John F. Anderson on November 15, 2016.  Counsel for the Parties, as well as representatives of the Parties who were authorized to agree to a settlement that they could recommend to the absent party Plaintiffs and to the County's Board of Supervisors, respectively, participated.

1.9     The Parties have agreed to settle the matters in dispute between and among them pursuant to the terms of this Agreement.  Specifically, the Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement, and dismissal of the Plaintiffs' FLSA claims with prejudice and withdrawal of their State Law Claims.

The Parties have concluded that the terms of this Agreement are fair, reasonable, adequate, and in the Parties' mutual best interests.

1.10    The Parties, through their counsel, by separate motion, will seek judicial approval of this Settlement Agreement.  In the event the proposed settlement contained in this Agreement is not finally approved by the Court, this Agreement will no longer have any effect and the Parties will revert to their respective positions as of the date and time immediately prior to the execution of this Agreement.

## II.    PAYMENT AND DISTRIBUTION

2.1    In consideration for the terms, conditions and promises in this Agreement, the County, in accordance with paragraph 2.2 and 2.4, shall pay or cause to be paid to Plaintiffs a total of $7,850,000.00 ("the Settlement Amount").  The Settlement Amount will be divided and distributed to Plaintiffs as follows: (1) one check in the amount of $1,400,000.00, payable to Plaintiffs' counsel, Woodley & McGillivary LLP, representing reimbursed attorneys' fees and expenses (the "Attorneys' Fees Amount"); Plaintiffs' counsel shall provide the County with a W-9 within two days after the Parties have executed this Agreement; (2) one check in the amount of $3,225,000.00, payable to Plaintiffs' counsel, Woodley & McGillivary LLP, representing liquidated damages to Plaintiffs (the "Liquidated Damages Amount"), which will be distributed by Plaintiffs' counsel to individual Plaintiffs; and (3) a set of payroll checks payable to individual Plaintiffs, totaling a pre-tax amount of $3,225,000.00 ("the Back Pay Amount"), which shall be distributed to individual Plaintiffs in accordance with the pre-tax amounts set forth in Exhibit A to this Agreement, to which the County shall be entitled to apply all applicable deductions and withholdings for that individual Plaintiff (the "Individual Back Pay Amounts Less Applicable Deductions").  These amounts are agreed to among the Parties to compromise, settle and satisfy

the Released Claims described in paragraph 3.1 below, liquidated damages related to the Released Claims, and all attorneys' fees and expenses related to the Released Claims.

2.2     The County shall pay the Settlement Amount within 30 days after the date that the Court enters an Order approving this Agreement.  After this 30-day period, interest shall accrue on any unpaid Settlement Amount at the rate set forth in 28 U.S.C. § 1961.

2.3     Plaintiffs' counsel Woodley & McGillivary LLP will be responsible for distributing to each Plaintiff listed in Exhibit A his/her respective share of the Liquidated Damages Amount.

2.4     The County will be responsible for distributing the Back Pay Amounts by sending to Plaintiffs' counsel the payroll checks that represent each Plaintiff's Individual Back Pay Amount Less Applicable Deductions, along with a document identifying all deductions and withholdings.

2.5     Plaintiffs and their counsel determined the method used to calculate the amounts to be paid to each Plaintiff.  For purposes of computing the gross amount of back pay and liquidated damages for each Plaintiff, Plaintiffs relied on Dr. Lanier's September 27, 2016, Expert Report on damages. The calculation methodology used in the Expert Report computes an additional half-time pay (i.e., half the Plaintiff's regular rate of pay) for each hour of overtime worked above the 212-hour threshold in a 28-day work cycle for each Plaintiff, including hours spent in a paid leave status.  The computations are based on payroll records produced by the County for the entire recovery period through July 8, 2016, and then projected from July 9, 2016 through September 16, 2016.  The recovery period begins, at the earliest, on January 3, 2011 and ends, at the latest, on September 16, 2016, which is the last day that the Plaintiffs were treated by the County as exempt from the FLSA.  Based on the Expert's Report, the total amount of back pay for this period for all Plaintiffs, inclusive of projections, is $5,794,320.00. The excess settlement monies obtained for

the Plaintiffs (i.e., the $655,680.00) qualify as liquidated damages and equal approximately 11% of the back pay. However, because the County has a different view regarding the length of the recovery period, Plaintiffs' entitlement to liquidated damages, and the viability of Plaintiffs' State Law claims, Plaintiffs have agreed that the total amount of back pay and liquidated damages recovered under the Settlement should be divided in half, with 50% comprising liquidated damages, and 50% comprising back pay. Plaintiffs and their counsel were solely responsible for determining the allocations among Plaintiffs and determining the distribution of funds.

2.6   Plaintiffs and their counsel, Woodley & McGillivary LLP, will defend, release, and hold the County harmless from any and all claims or causes of action arising from the allocation and distribution of the Settlement Amount.

2.7   The County shall issue W-2 forms to the Plaintiffs that reflect the Individual Back Pay Amounts set forth in Exhibit A to this Agreement, Less Applicable Deductions.  Plaintiffs' counsel shall distribute to each Plaintiff receiving liquidated damages a Miscellaneous Income Form 1099 reflecting the amount paid to that Plaintiff as liquidated damages.  Each Plaintiff agrees that he or she will be responsible for his or her individual tax liability associated with the liquidated damages payments made to him or her under this agreement.  Plaintiffs and Plaintiffs' counsel agree that they shall indemnify and hold the County harmless in the event of any dispute concerning whether taxes are owed by any Plaintiff on the liquidated damages part of the settlement.

2.8   All payments to Plaintiffs shall be deemed to be paid solely in the year in which such payments are issued to Plaintiffs.  It is expressly understood and agreed that the receipt of such Settlement Payments will not entitle any Plaintiff to additional compensation or benefits under any bonus, contest, or other compensation or benefit plan or agreement in place during the

period covered by the Agreement, nor will it entitle any Plaintiff to any increased retirement or matching benefits, or deferred compensation benefits. It is also expressly understood and agreed that no pension contributions shall be taken from the back pay payments. It is the intent of this Agreement that the settlement payments provided for in this Agreement are the sole payments to be made to the Plaintiffs, and that the Plaintiffs are not entitled to any new or additional compensation or benefits as a result of having received payment pursuant to this Agreement.

### III.   RELEASE AND COVENANT NOT TO SUE

3.1   Each Plaintiff for himself or herself, and his or her spouse and family, attorneys (if any), agents, executors, administrators, personal representatives, heirs, successors, any future estates, assigns and beneficiaries, and any and all of them (collectively, the "Releasers"), voluntarily and with the advice of counsel, fully and forever releases, acquits, and discharges the County, its Board of Supervisors, including all of its present or former members, its departments, agencies, employees, agents, attorneys, accountants, administrators, and any or all of them and all persons acting by, through, under, or in concert with any of them (collectively, the "Releasees"), in their personal, individual, official and/or corporate capacities, from all Federal and State wage and hour claims asserted in the Lawsuit, and all federal, state and/or local statutory wage and hour claims that could have been asserted in the Lawsuit arising from each Plaintiff's work for the County of Fairfax's Fire and Rescue Department from the beginning of time up to and through September 17, 2016 (the "Released Claims").

3.2   All Plaintiffs shall be deemed to and shall have waived, released, discharged and dismissed all Released Claims as set forth in Paragraph 3.1, with full knowledge of any and all rights they may have, and they hereby assume the risk of any mistake in fact in connection with the true facts involved or with regard to any facts which are now unknown to them.

3.3     All Plaintiffs understand and agree that to the fullest extent permitted by law, they are precluded from filing or pursuing any legal claim or action of any kind against any entity at any time in the future, or with any federal, state or municipal court, tribunal or other authority arising out of the Released Claims.

3.4     All Plaintiffs agree that they are entering this Agreement knowingly, voluntarily, and with full knowledge of its significance. Each Plaintiff affirms that he/she has not been coerced, threatened, or intimidated into agreeing to the terms of this Agreement, and he/she has been advised to consult with an attorney.

## IV.     DISMISSAL OF CLAIMS

4.1     Plaintiffs agree to dismissal of all claims asserted in the Lawsuit against the County with prejudice as specified in paragraph 3.1, upon the County's execution of the Settlement Agreement and the Court's Order approving the Settlement Agreement.

4.2     Plaintiffs also hereby irrevocably withdraw their State Law Claim letters of May 4, 2014, and July 22, 2016, to the Board of Supervisors.

## V.     NO ADMISSION OF LIABILITY

5.1     The County does not admit any allegations made against it in this lawsuit, including but not limited to Plaintiffs' allegations of willfulness and lack of good faith.  Nothing contained in this Agreement shall be deemed an admission of liability or of any violation of any applicable law, rule, regulation, order or contract of any kind.

## VI.     CONTINUED JURISDICTION

6.1     The U.S. District Court for the Eastern District of Virginia shall have continuing jurisdiction to construe, interpret and enforce the provisions of this Agreement, and to hear and adjudicate any dispute or litigation arising under this Agreement.

## VII. PARTIES' AUTHORITY

7.1     The signatories hereby represent that they are fully authorized to enter this Agreement and to bind the parties hereto to the terms and conditions hereof. The Parties acknowledge that the Plaintiffs were afforded the opportunity to submit a written objection to the Court and to plaintiffs' counsel by 5:00 p.m. on December 1, 2016, and to then voice such objection in Court at a Fairness Hearing on December 2, 2016, at 10 am. A Plaintiff who did not object to the Settlement Agreement did not have to attend the Fairness Hearing or take any other action to approve the settlement and/or otherwise indicate his/her agreement to the terms of the settlement.

7.2     All of the Parties acknowledge that they have been represented by competent, experienced counsel throughout all negotiations which preceded the execution of this Agreement, and this Agreement is made with the consent and advice of counsel who have jointly prepared this Agreement.

## VIII. MUTUAL FULL COOPERATION

8.1     The Parties agree to use their best efforts and to fully cooperate with each other to accomplish the terms of this Agreement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement and effectuate the terms of this Agreement.

## IX. ENFORCEMENT ACTIONS

9.1     In the event that one or more of the parties to this Agreement institutes any legal action, arbitration, or other proceeding against any other Party or Parties to enforce the provisions of this Agreement, the successful Party or Parties shall be entitled to recover from the unsuccessful

Party or Parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

## X. MODIFICATION

10.1   This Agreement and its attachment may not be changed, altered, or modified, except in writing and signed by the Parties hereto, and approved by the Court.

## XI. ENTIRE AGREEMENT

11.1   This Agreement and its attachments constitute the entire agreement between the Parties concerning the subject matter hereof.  No extrinsic oral or written representations or terms shall modify, vary or contradict the terms of this Agreement.  In the event of any conflict between this Agreement and any other settlement-related document, the parties intend that this Agreement shall be controlling.

## XII. CHOICE OF LAW/JURISDICTION

12.1   This Agreement shall be subject to, governed by, construed, enforced, and administered in accordance with the laws of the State of Virginia, both in its procedural and substantive aspects, and shall be subject to the continuing jurisdiction of the United States District Court for the Eastern District of Virginia.  This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any Party, regardless of who drafted or who was principally responsible for drafting this Agreement or any specific term or condition thereof.

## XIII. VOIDING THE AGREEMENT

13.1   In the event this Agreement does not obtain judicial approval for any reason, this Agreement shall be null and void in its entirety, unless expressly agreed in writing by all parties.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the date indicated below:

| | |
|---|---|
| WOODLEY & McGILLIVARY  LLP<br>    1101 Vermont Street N.W., Suite 1000<br>    Washington, D.C. 20005 | COUNTY OF FAIRFAX, VIRGINIA<br>    12000 Government Center Parkway<br>    Fairfax, VA 22035 |
| By: _____<br>        Molly A. Elkin<br><br>        *Counsel for Plaintiffs* | By: _____ |

Dated: December 6, 2016

# Exhibit A

MORRISON, et al., v. County of FAIRFAX
SUMMARY LISTING OF AMOUNTS

| Ref# | Name | PERSNO | BACKPAY |
|---|---|---|---|
| 1 | ALEXANDER,CALVIN MCBEIL | 304687 | $ 19,115.15 |
| 2 | ALLEN,MICHAEL | 312653 | $ 10,917.03 |
| 3 | ALVARO, ROCCO | 300990 | $ 5,714.50 |
| 4 | ARNOLD,THOMAS G | 302881 | $ 3,605.85 |
| 5 | ATWELL,WILLIAM J | 302593 | $ 11,802.39 |
| 6 | BANASIK,ROBERT ALAN | 311845 | $ 9,898.22 |
| 7 | BARB, TIMOTHY O | 308069 | $ 17,011.92 |
| 8 | BARB,TODD IVAN | 308072 | $ 39,792.74 |
| 9 | BARNHART,MATHEW COFFMAN | 304143 | $ 28,847.50 |
| 10 | BARRERA,MERVIN E | 306473 | $ 50,283.69 |
| 11 | BEASLEY,OSCAR L | 307128 | $ 8,266.87 |
| 12 | BEST JR, WILLIAM MARVIN | 306283 | $ 11,958.88 |
| 13 | BETZ,BILL C | 303460 | $ 21,602.05 |
| 14 | BORDEN JR, DANIEL B | 309867 | $ 5,722.55 |
| 15 | BOWMAN,EDWARD D | 304658 | $ 13,663.54 |
| 16 | BRANDELL,FRED H | 307374 | $ 14,132.66 |
| 17 | BRASFIELD JR, DONALD R | 304003 | $ 35,163.54 |
| 18 | BROWN,CHRISTOPHER MORGAN | 311752 | $ 13,196.45 |
| 19 | BRULEY, JON P | 302111 | $ 12,596.86 |
| 20 | BUCHANAN, CLYDE M | 312201 | $ 21,539.14 |
| 21 | BURKHAMMER,CARLTON G | 313557 | $ 60,523.68 |
| 22 | BURLINGAME, ROBERT L | 305145 | $ 617.18 |
| 23 | BURNS,MATTHEW CHARLES | 310142 | $ 20,410.75 |
| 24 | BURT,LEO B | 321251 | $ 475.99 |
| 25 | BUTLER,LEROY L | 308083 | $ 15,159.18 |
| 26 | CERZULLO, KEITH W | 303239 | $ 19,074.62 |
| 27 | CHESEK,JOHN M | 302697 | $ 60,892.06 |
| 28 | CIARROCCHI,MICHAEL J | 321401 | $ 3,184.48 |
| 29 | CLARK,STEVEN D | 312471 | $ 10,364.05 |
| 30 | COCHRANE,BRADFORD ANDREW | 306470 | $ 4,259.09 |
| 31 | CONNOLLY,THOMAS M | 301241 | $ 17,057.45 |
| 32 | CONRAD,DAVID P | 306248 | $ 45,739.80 |
| 33 | COX,ARTHUR DANIEL | 304943 | $ 38,353.96 |
| 34 | CRAMER, DUSTIN J | 303363 | $ 11,898.21 |
| 35 | CRAWFORD,TRACY ELLEN BRINKLEY | 305116 | $ 5,547.76 |
| 36 | CROSS,KEITH A | 310842 | $ 6,190.41 |
| 37 | CUNNINGHAM,CHARLES R | 308121 | $ 20,860.70 |
| 38 | CUNNINGHAM,ERIC F | 303469 | $ 14,123.27 |
| 39 | DANIELS,DANNY J | 309264 | $ 16,535.90 |
| 40 | DAVIS,MICHAEL B | 300086 | $ 24,063.00 |
| 41 | DEAN,TROY H | 305441 | $ 23,127.00 |
| 42 | DEMARK,YOLANDA | 315821 | $ 19,332.36 |
| 43 | DEVERA,SAMUEL THOMAS SAMSON | 317557 | $ 15,392.79 |
| 44 | DUBETSKY,KEITH M | 301549 | $ 9,638.18 |
| 45 | EDMONSTON, BRIAN CHRISTOPHER | 309338 | $ 8,736.79 |
| 46 | EDWARDS,DEREK A | 301074 | $ 17,507.12 |
| 47 | EDWARDS,FELECIA LORRIANNE | 309806 | $ 18,459.27 |
| 48 | EDWARDS,KEVIN | 302482 | $ 31,624.78 |
| 49 | EVANS,SEAN T | 311631 | $ 43,139.12 |

MORRISON, et al., v. County of FAIRFAX
SUMMARY LISTING OF AMOUNTS

| Ref# | Name | PERSNO | BACKPAY |
|---|---|---|---|
| 50 | FEASTER,MARK L | 320157 | $ 3,030.59 |
| 51 | FISCHER,MICHAEL J | 304713 | $ 14,641.90 |
| 52 | FLANIGAN,COLIN D | 303763 | $ 10,082.03 |
| 53 | FLINT, THOMAS L | 304272 | $ 6,475.13 |
| 54 | FONTANA,MICHAEL JOSEPH | 316627 | $ 22,563.02 |
| 55 | GALVEZ,RAMIRO H | 311389 | $ 38,067.47 |
| 56 | GARCIA,MICHAEL J | 308054 | $ 14,687.50 |
| 57 | GEFFEN,KENNETH G | 317649 | $ 8,483.33 |
| 58 | GOFF, JARED B | 301109 | $ 589.63 |
| 59 | GONZALEZ,GEORGE O | 307212 | $ 35,742.22 |
| 60 | GORHAM,TODD R | 301232 | $ 11,481.82 |
| 61 | GRAY,SAMUEL LOUIS | 318131 | $ 2,920.28 |
| 62 | GRIFFIN,RAYMOND E | 304546 | $ 16,944.04 |
| 63 | GRIGG,WESLEY D | 312461 | $ 3,408.24 |
| 64 | GRUENDEL,DAVID K | 306317 | $ 17,538.34 |
| 65 | GUDITUS,MARK | 308889 | $ 8,074.25 |
| 66 | HALL,DAVID W | 308209 | $ 8,167.69 |
| 67 | HARRISON,JAMES T | 300653 | $ 3,992.11 |
| 68 | HEMINGWAY, SHERYL L | 315345 | $ 6,133.78 |
| 69 | HENDERSON JR, CHARLES C | 318416 | $ 20,459.51 |
| 70 | HESSEL,KIT R | 303092 | $ 29,845.60 |
| 71 | HIGGINBOTHAM,JOHN E | 313651 | $ 9,680.23 |
| 72 | HOBGOOD,JAMES PETER | 304644 | $ 22,215.40 |
| 73 | HOOD,KIMBERLY ANN | 301238 | $ 17,106.06 |
| 74 | HOUGHTON,TRENTON L | 317755 | $ 9,447.71 |
| 75 | HUNTER,GREGORY W | 312751 | $ 20,536.18 |
| 76 | IACONE,JAMES A | 304676 | $ 4,018.55 |
| 77 | ISTVAN,JAMES J | 304345 | $ 7,189.95 |
| 78 | ISTVAN,MICHAEL A | 304942 | $ 37,331.57 |
| 79 | JACKSON,ANTHONY L | 318662 | $ 24,217.04 |
| 80 | JOHNSON,JAMES B | 309147 | $ 52,396.27 |
| 81 | JOHNSON,REGINALD T | 304257 | $ 3,266.10 |
| 82 | JOHNSON, THOMAS N | 300329 | $ 25,262.51 |
| 83 | JOHNSON,WALTER E | 300733 | $ 10,342.81 |
| 84 | KALEDA,JOSEPH M | 303718 | $ 21,279.33 |
| 85 | KAPLAN,GLENN D | 307954 | $ 3,607.14 |
| 86 | KELLY,PATRICK T | 302831 | $ 12,935.71 |
| 87 | KELLY,REBECCA PRICE | 311929 | $ 25,352.78 |
| 88 | KINGDON,WILLIAM R | 306156 | $ 6,384.15 |
| 89 | KISER,JOSEPH L | 310945 | $ 10,774.38 |
| 90 | KITCHEN,ROBERT W | 303805 | $ 32,477.41 |
| 91 | KNERR,JOSEPH E | 310923 | $ 10,437.72 |
| 92 | KONCZAL,ROBERT A | 315098 | $ 4,071.86 |
| 93 | KOSTECKA,TONY C | 311069 | $ 18,899.35 |
| 94 | KULEY,RONALD J | 306465 | $ 13,106.75 |
| 95 | LANCING,RICHARD M | 305096 | $ 20,694.75 |
| 96 | LANGE,DAVID G | 304506 | $ 11,250.73 |
| 97 | LEE,JAMES E | 309783 | $ 15,818.34 |
| 98 | LEETE,JOHN L | 312481 | $ 2,841.57 |

MORRISON, et al., v. County of FAIRFAX
SUMMARY LISTING OF AMOUNTS

| Ref# | Name | PERSNO | BACKPAY |
|---|---|---|---|
| 99 | LEWIS,JEFFREY S. | 300277 | $ 42,811.66 |
| 100 | LISON,ROBERT S | 314792 | $ 36,389.99 |
| 101 | LOPEZ,MATTHEW MOLEIRO | 301226 | $ 34,162.95 |
| 102 | LYNCH,WILLIAM S | 303162 | $ 9,216.25 |
| 103 | MAHAM,BARRY W | 311717 | $ 50,782.33 |
| 104 | MARKS,MICHAEL J | 309849 | $ 15,901.11 |
| 105 | MARTIN,CHARLES A | 307167 | $ 29,069.70 |
| 106 | MASIELLO,JAMES J | 309007 | $ 16,821.61 |
| 107 | MASON,GLENN A | 310047 | $ 6,301.68 |
| 108 | MATTHEWS,COREY ALPHONSO | 318407 | $ 6,859.87 |
| 109 | MAYHEW,THOMAS R | 306257 | $ 9,705.19 |
| 110 | MCFARLAND, STEVEN T | 312903 | $ - |
| 111 | MCGEHEE,ROGER T | 323443 | $ 5,639.32 |
| 112 | MCKINNEY,RICHARD A | 311673 | $ 16,081.36 |
| 113 | MCNAMARA,KERWIN ANDREW | 303066 | $ 4,448.78 |
| 114 | MENSAH,FRANCIS O | 315588 | $ 16,012.01 |
| 115 | MENTON,MARK P | 315052 | $ 26,066.53 |
| 116 | MERRITT,JOSEPH DONALD | 315806 | $ 28,035.17 |
| 117 | MILLER,STEPHEN E | 316737 | $ 25,091.52 |
| 118 | MOHLER,ROBERT M | 310599 | $ 15,908.58 |
| 119 | MONGOLD,JEFFREY L | 309077 | $ 12,266.49 |
| 120 | MONTAGUE,DONALD P | 301433 | $ 4,817.19 |
| 121 | MORAVITZ,BRIAN E | 308784 | $ 9,146.92 |
| 122 | MORRIS,JOHN W | 311587 | $ 18,443.94 |
| 123 | MORRISON,GERARD J | 310609 | $ 57,054.87 |
| 124 | MOXLEY,RICHARD K | 323655 | $ - |
| 125 | NIEMIEC,JOHN R | 303095 | $ 27,434.95 |
| 126 | NIX,BRYAN J | 317063 | $ 36,431.06 |
| 127 | NORRIS,STEVEN D | 306282 | $ 11,189.52 |
| 128 | O'BRIEN,STEPHEN TODD | 311572 | $ 23,913.92 |
| 129 | PAINTER,MILTON L | 308980 | $ 5,215.10 |
| 130 | PALAU,JOSEPH | 310626 | $ 20,128.73 |
| 131 | PASSMORE,DENNIS | 307100 | $ 13,032.74 |
| 132 | PEMBERTON,GARY D | 305985 | $ 26,327.43 |
| 133 | PETERS, JOHN E | 303553 | $ 9,270.44 |
| 134 | PHILLIPS,DALLAS D | 323958 | $ 360.53 |
| 135 | PISANI,RALPH M | 317021 | $ 27,009.91 |
| 136 | POLEN,ELTON W | 307101 | $ 24,705.76 |
| 137 | PULLEN,CHARLES E | 312468 | $ 5,318.94 |
| 138 | RANCK,E MARTIN | 305142 | $ 8,292.48 |
| 139 | RATHBONE,BARRY JAMES | 305345 | $ 13,698.62 |
| 140 | RICHTER,JOHN W | 301516 | $ 23,170.72 |
| 141 | ROBB,NATALIE D | 318184 | $ 14,478.16 |
| 142 | RODRIGUEZ,RONNIE A | 309892 | $ 17,649.85 |
| 143 | RYAN,MATTHEW P | 304235 | $ 23,245.81 |
| 144 | SCHELLHAMMER,WILLIAM | 305149 | $ 13,229.34 |
| 145 | SCHROEDER,MARK A | 314860 | $ 60,033.82 |
| 146 | SCHWARZMANN,DAVID | 302611 | $ 98,277.56 |
| 147 | SEASE,MICHAEL LEROY | 304800 | $ 9,627.96 |

MORRISON, et al., v. County of FAIRFAX
SUMMARY LISTING OF AMOUNTS

| Ref# | Name | PERSNO | BACKPAY |
|---|---|---|---|
| 148 | SELLERS,DAVID KELLEY | 317087 | $ 29,570.43 |
| 149 | SHAW,DANIEL D | 304507 | $ 8,446.09 |
| 150 | SMITH,RICHARD C | 308893 | $ 4,787.46 |
| 151 | SMITH,SCOTT M | 309872 | $ 18,316.79 |
| 152 | SNAPP, MICHAEL S | 311947 | $ 17,123.89 |
| 153 | STRICKLAND III, REX E | 310122 | $ 633.06 |
| 154 | STRICKLEN,JAMES R | 308130 | $ 14,906.67 |
| 155 | STROUP,CHERI ELAINE | 303967 | $ 6,650.41 |
| 156 | SYDNOR,RONALD B | 304360 | $ 4,218.99 |
| 157 | THOMPSON,CHRISTOPHER | 310898 | $ 10,422.11 |
| 158 | THOMPSON,KENDALL | 310901 | $ 2,065.48 |
| 159 | THROWER,LORENZO M | 311661 | $ 46,745.65 |
| 160 | TILLES,CHRISTOPHER | 315398 | $ 9,335.18 |
| 161 | TOBIN,DAVID P | 309276 | $ 23,500.07 |
| 162 | TOLLE,JEFFREY A | 303429 | $ 15,065.73 |
| 163 | TSCHANN,GLENN F | 306181 | $ 6,087.26 |
| 164 | VANNOY, WILLIAM D | 312923 | $ 19,863.15 |
| 165 | VAUGHT,DONALD L | 304131 | $ 130,429.17 |
| 166 | WALMER,JACK L | 302896 | $ 26,303.77 |
| 167 | WALSER,JOHN L | 303597 | $ 12,585.84 |
| 168 | WEALAND,THOMAS J | 325203 | $ 776.59 |
| 169 | WELLS,OSCAR T | 316180 | $ 15,393.78 |
| 170 | WENTZEL,WAYNE P | 311706 | $ 18,376.05 |
| 171 | WHETSELL, MICHAEL W | 306268 | $ 23,619.66 |
| 172 | WHITE,PAUL L | 312815 | $ 3,011.65 |
| 173 | WILDMAN, KENNETH A | 307824 | $ 6,869.33 |
| 174 | WILLIAMS,JEROME I | 301349 | $ 8,545.49 |
| 175 | WILLIAMS,MARCUS D | 313709 | $ 53,784.47 |
| 176 | WRIGHT,ELTON N | 318090 | $ 5,096.08 |
|  | **TOTAL** |  | **$ 3,225,000.00** |